[No. 20159.   In Bank. — November 16, 1886.]

## EX PARTE ELLEN CASEY, ON HABEAS CORPUS.

ESTATE OF DECEDENT — PROPERTY IN POSSESSION OF PERSON CLAIMING TITLE — COURT CANNOT COMPEL DELIVERY — CONTEMPT. — Under sections 1459 et seq., of the Code of Civil Procedure, the Superior Court, in a proceeding for the settlement of the estate of a decedent, has no power to order property in the possession of a person claiming title thereto to be delivered up to the executor or administrator, or deposited subject to the order of the court; and the refusal of the person claiming title to obey such an order is not a contempt.

APPLICATION for a writ of *habeas corpus*.   The facts are stated in the opinion.

*G. W. Langan,* and *H. C. Newhall,* for Petitioner.

*M. Cooney,* for Respondent.

FOOTE, C. — Mrs. Ellen Casey, the petitioner, is in possession of a sum of money which the executor of a certain Mrs. Zephyr claimed as belonging to the estate of his decedent.   After an examination under the statute (Code Civ. Proc., secs. 1459–1461), Mrs. Casey was cited to show cause why she should not be punished for a contempt of the Probate Court, in not obeying its order commanding her to deposit the money in a bank, subject to that tribunal's order.

She appeared, claimed that the money had been given to her by Mrs. Zephyr before the latter's death, and introduced evidence tending to establish her own title to it.   The court heard testimony in favor of and controverting her right to the money, and then made its order, committing her for contempt in refusing to deposit it in a bank.   The petitioner has sued out a writ of *habeas corpus* for the purpose of regaining her liberty.

According to the evidence adduced in this proceeding, the petitioner was either the owner by gift from Mrs. Zephyr of the money in controversy, or she had em-

bezzled it after the latter had intrusted it to her to be deposited in bank.

The dispute between Mrs. Casey and the executor necessarily involved the title to that money. And the question for determination is, whether or not the Probate Court had the right, upon such a summary proceeding as that taken here, to order Mrs. Casey to be committed for contempt in failing to obey its order, which involved the transfer of the property which she claimed and asserted title to, into the custody of a bank of the court's choosing.

If the evidence had shown that Mrs. Casey claimed no title to the money in dispute, but admitted it to be the decedent's property at her death, the question presented would be different. But here the claim is made, and supported by some evidence at least, although there is a sharp and decided conflict about it, that the money which the executor claims as assets of the decedent's estate was given to Mrs. Casey, and was in her possession as her property before the decedent's death. It necessarily follows, then, that in order to convict Mrs. Casey for contempt in not obeying the order of the Probate Court, that tribunal must have decided that the title to this property was not in her. Can such an issue, vital to the exercise of the court's power, be legally determined in such a proceeding?

The question, it seems to us, is very clearly answered by this court as follows:—

"The title upon which his adverse claim was founded may be invalid. It may have been obtained by fraudulent and corrupt practices. It is a principle which underlies all institutions and forms of government, that no man can be deprived of his property, except in proceedings according to law, unless it be confiscated for the necessities or good of the public. If his title is claimed to be invalid or fraudulent and void, he is entitled to be heard according to the forms of law. Pro-

ceedings to punish him for contempt for not delivering it up without a trial according to law, to another who claims it, are not the appropriate proceedings for the trial of an issue of title. The issue as to such title should be tried in an appropriate action, in which the verdict of a jury or the findings of the court may be had upon issues properly framed for the purpose of definitely determining the question of title." (*Ex parte Hollis*, 59 Cal. 406–413.)

"Proceedings to punish a party for contempt are not the appropriate proceedings for the trial of the issue of title." (*Larrabee* v. *Selby*, 52 Cal. 506–508.)

It is true that in the present case the order of the court did not command the petitioner to pay over the money to the executor. But it did command her to deposit what she claimed was her money in a bank, subject to the further order of that tribunal.

To give the right to the court to make such an order, it must first have determined that she had no title to it, for if otherwise, and her right was not determined or considered, she being in possession of the money, claiming it as her own, then that tribunal had no legal authority to make any such order. And therefore the question of title must necessarily have been passed upon.

Sections 1459, 1460, and 1461 of the Code of Civil Procedure, portions of the statute appertaining to probate proceedings, provide, it is true, for the citation and examination of parties alleged to have in their possession property belonging to an estate, but they do not declare that the court may, after such an examination, when the title to the property is in dispute, order such effects to be delivered up to the executor or administrator, or deposited where the court may order; and if such had been the legislative intention, it was easy to have asserted it in apt language

Section 572 of the Code of Civil Procedure refers to property which is without question in the hands of a

trustee as trust property, or which belongs to or is due to another; it does not refer to that where the party alleged to hold as a trustee claims title to it in his own right.

We fail to find anywhere in our constitution or statutes any language which gives to a Superior Court, in a summary proceeding of the kind invoked here, the right to adjudicate the title to property.

For these reasons, the petitioner should be discharged from custody.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the petitioner is discharged.

THORNTON, J., concurring. — I concur in the order directed in this case. I can see no power in any court in this state to appoint a receiver without an action brought to which the person to be affected by the order is a party. This appears from section 564, Code of Civil Procedure. In this case no action has been brought, and conceding that power to make the order which was made in this case is included in the power to appoint a receiver, the circumstance that no action has been instituted is conclusive to show that the court had no power to make the order. No power to make such order is conferred by sections 1459, 1460, 1461, Code of Civil Procedure, nor by section 572 of the same code. In this last section, by the words " shown by the examination of a party," reference is had to a party to an action. That is plainly evidenced by the preceding words, " when it is admitted by the pleading." The pleading spoken of can only be the pleading in an action, and the examination of a party can have reference only to a party to the action. The meaning of the section is the same as if it commenced with the words, " In an action, when it is admitted by the pleading;" etc.

It may be said here that granting that the case before us is such as is specified in section 572, the order authorized by that section has not been made. The order made directs the petitioner here to deposit the sum of money about which the controversy has arisen in a bank. The order allowed by section 572 is, that the party pay the money into court or to the party to whom it is admitted by the pleading or shown by the examination of the party to belong or be due. The order made in this case directing the petitioner to deposit the money in a bank was made without authority.

For the above reasons, I think that the applicant for the writ should be discharged, and concur in the order discharging her from custody.