[No. 19107. Department One. — January 19, 1893.]

## In the Matter of the Estate of CHRISTIAN P. HAAS, Deceased.

Estates of Deceased Persons — Settlement of Executor's Account — Guardian and Ward — Disputed Title to Property — Jurisdiction of Probate Court — Parties. — Where, upon the settlement of an annual account of an executor, a legatee under the will objected thereto, upon the ground that the executor had property in his possession belonging to the estate, and for which he had not accounted, in answer to which the executor alleged that the property belonged to his ward, and he held it as her guardian, and had returned it to the court in his inventory and appraisement of the estate of the ward, and ob-

jected to the jurisdiction of the probate court to hear and determine the question, the ward being no party to the proceeding, an issue was thereby raised as to where the legal title to the property rested, which the probate court had no jurisdiction to hear and determine.   Where it becomes apparent from the pleadings that matters of title to property are at issue, such matters should be left to other courts for determination, care being exercised that all parties interested should be fairly and fully represented at the trial.

Id. — Representation of Ward by Executor — Conflicting Trusts. — The executor, upon the settlement of his final account, is not in a position to represent his ward as guardian at the trial of an issue as to her title to property claimed to belong to the estate, his two positions of trust, as executor and guardian, being in direct antagonism upon the question of property rights involved in the proceeding, and the probate court has no jurisdiction to quiet the title of the estate to the property as against the ward.   The executor could not be heard upon appeal from an order assuming to quiet such title if it were not for his prospective personal liability in one or the other of the estates.

Appeal from an order of the Superior Court of Los Angeles County settling an executor's annual account.

The facts are stated in the opinion of the court.

*Charles L. Batcheller*, for Appellant.

*Albert M. Stephens*, for Respondent.

Garoutte, J.—This is an appeal by the executor, James F. Mooney, from an order settling his annual account.   When the executor filed his account, a legatee under the will objected thereto, upon the ground that he had a large sum of money and also other personal property in his possession which was the property of the estate, and for which he had not accounted.   In answer to these objections, the executor set out that he was the duly appointed, qualified, and acting guardian of Ella V. Haas, a minor; that said property was her property, and he held it as such guardian, and had returned it to the court in his inventory and appraisement of her estate; and he thereupon objected to the court hearing and determining these matters, upon the ground that, as a court of probate, it had no jurisdiction thereof.   The court proceeded to a trial of the issues raised by the

pleadings, made findings of fact to the effect that this property was the property of the estate, and by the decree charged the same to the executor in his account.

In the present *status* of this case, the executor occupies a position which is not at all pleasant to him, viewed from a pecuniary stand-point, for he is now charged with this property in the estate of his ward, and also in the estate of the deceased, Haas, and for that reason he has such an interest in the final determination of the cause as to justify his appearance in this court. But his two positions of trust are in direct antagonism upon the question of property rights involved in this proceeding, and if it were not for the prospective personal liability against him in one or the other of these estates, he should not be heard here at all, for in representing both trusts he would most likely misrepresent one.

The minor, Ella V. Haas, was not a party to this proceeding in the trial court, and is not a party to this appeal, although the decree of that court, which is before us, holds this property to be the property of the estate. The necessary effect of this decree is to declare that she has no title therein, for the question of her title was the only issue involved. The executor was not in a position to represent the ward at the trial of that issue, for the reasons already stated; and the affirmance by this court of the judgment of the trial court would in no degree quiet the title to this property as between the respective claimants.

The issues raised by the objections of the legatee to the account, and the answer of the executor to such objection, directly involved the question as to where the legal title to this personal property rested, and that was an issue the probate court had no power to hear and determine. There are many matters relating to the estates of deceased persons of which the probate court has no jurisdiction, and the determination of the question of title to property is essentially one of them. When it became apparent from the pleadings that matters of

title to property were at issue, such matters should have been left to other courts for determination, care being exercised that all parties interested should be fairly and fully represented at the trial.

Order reversed, except that part thereof disallowing claim of Ella V. Haas; as to that part, affirmed.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.