IN THE MATTER OF THE ESTATE OF ANNE McTIERNAN, DECEASED.

[No. 14,832; decided January 31, 1895.]

Conversion or Embezzlement of Estate.—The petition in this case held not to state facts bringing it within sections 1459-1461 of the Code of Civil Procedure.

Citation under sections 1459-1461 of the Code of Civil Procedure.

J. J. Dwyer, for the administrator, J. J. McTiernan.

Charles F. Hanlon, for the respondent, Edward McTiernan.

COFFEY, J.  To the petition filed by the administrator in this estate the respondent, Edward McTiernan, decedent's husband, has raised preliminary objections in the nature of demurrer and has also filed an answer wherein he alleged that the moneys and properties referred to in the petition are his separate individual property, having been acquired by way of gift, and he denies that any sum of money was invested by him on decedent's account or that he holds or ever held any property belonging to this estate which has come into his possession in trust for said estate or said administrator.

It is respondent's claim, under these circumstances, that this court, a court of probate, has no longer any jurisdiction in the matter, but must dismiss the citation issued herein.

The petition does not state facts which bring it within the provision of the code: Code Civ. Proc., secs. 1459-1461.

The allegation is (upon information and belief it will be noticed), that at the time of her marriage to respondent, decedent had $2,000 which she intrusted to her husband to invest for her use and benefit; that the same was invested by said Edward McTiernan on her account, but that he has never accounted for the same, etc.

This is neither the case of a concealment under section 1459, nor of the trust contemplated by section 1461.

By its terms section 1461 refers to a case where the person cited has been intrusted *with any part of the estate of the decedent,* or has moneys which have come to his possession in trust for the administrator. These cases distinctly refer to matters which must have happened after the death of the decedent, and refer to an actual, not an implied or a constructive, trust.

Besides this, by the very terms of the petition, there is nothing now *in the possession* of respondent, it having all been invested by him: Estate of Imhaus, Myr. 99.

But whether the petition is open to these objections or not, the answer filed precludes any further action by this court: Ex parte Casey, 71 Cal. 269, 12 Pac. 118; Gibson v. Cook, 62 Ind. 261; Moss v. Sandefur, 15 Ark. 381, 386, et seq.; affirmed in Clark v. Shelton, 16 Ark. 474, 482.