## ESTATE OF PATRICK CURTIS, DECEASED.

[No. 16,787; decided July 30, 1896.]

**Probate Court—Jurisdiction to Try Title.**—The superior court, sitting in probate, has no authority to adjudicate the question of title to personal property in dispute between a third person and the estate of a decedent.

The administratrix of the estate of Patrick Curtis, deceased, filed a petition alleging that certain personal property belonging to the estate was in the possession of Patrick Reddy, who refused to deliver it to her. The petitioner prayed for an order requiring him to do so. A citation was issued and served upon the respondent, who filed his answer wherein he denied that he had any property of the estate in his custody, and alleged that decedent had given him the property claimed by the petitioner.

Quitzow & Hurlbut, for administratrix.

J. C. Campbell and W. H. Metson, for respondent.

COFFEY, J. In obedience to the order and citation of this court, certain writings of Patrick Curtis, now deceased, have been submitted to the court for examination and interpretation, and the questions are:

First. Do these writings make and constitute a valid gift causa mortis? And if not, then,

Second. Do they make and constitute a testamentary disposition of the property of the decedent—or, in other words, can those writings be proved and probated as the last will and testament of the deceased?

The writings are all dated November 6, 1896, and it is claimed by Mr. Reddy that he obtained possession of all the property by gift on the eleventh day of November 1895, and the evidence shows that Patrick Curtis died November 25, 1895; so that in case Mr. Reddy did obtain possession of this property by gift on November 11, 1895, he obtained possession prior to the death of the donor.

Section 1149 of the Civil Code is as follows: "A gift in view of death is one which is made in contemplation, fear or peril of death, and with intent that it shall take effect only in case of the death of the giver."

In this matter we find Mr. Curtis in bed suffering from the effects of a severe surgical operation, sending to Mr. Reddy, through the agent of Mr. Reddy (not the agent of Mr. Curtis), the property that he then possessed. The means of obtaining possession and control of the thing was thus given to Mr. Reddy, and there was an actual delivery of the thing to him during the life of Mr. Curtis. Hence section 1147 of the Civil Code was complied with. Mr. Reddy actually reduced the property to his possession before the death of Mr. Curtis. The gift was made in contemplation of the near approach of death by the donor. The proof showed the existence of a bodily disorder, an illness which imperiled the donor's life and which eventually terminated it. The gift was made, therefore, by Mr. Curtis in contemplation, fear and peril of death, and if Mr. Curtis had not expressed his intent respecting a gift of that character it made no difference. The expression of his intent respecting the gift would neither add to the strength nor detract from it. Section 1149 of the Civil Code is conclusive upon that matter. It determines the intent. It declares that "with intent that it shall take effect only in case of the death of the giver."

To repeat: There was a very sick man; there was a delivery of the property from him to Mr. Reddy for the donee during the lifetime of the giver. The giver parted with all

dominion over the property at that time, and Mr. Reddy actually reduced the property to his possession and control during the lifetime of the donor. The transaction, therefore, was legally complete in every respect when the property passed from the control of Curtis to that of Mr. Reddy, the intent being fixed by statute, and Mr. Curtis actually dying from that same sickness: See Daniel v. Smith, 64 Cal. 346, 30 Pac. 575.

Counsel for administratrix argue strenuously that no possession, actual or symbolical, was given to Mr. Reddy by the decedent. It is difficult for the court to understand how, in the conceded circumstances of this case, delivery to the donee could have been more effectual.

With reference to an acceptance of the gift on the part of the donee, in case of a beneficial gift, the assent of the donee is presumed until the contrary appears. The authorities so hold: 9 Am. & Eng. Ency. of Law, p. 1351.

A gift in view of death is one which is made in contemplation, fear or peril of death, and with intent that it shall take effect only in case of the death of the giver: Civ. Code, sec. 1149.

"There must be a delivery of the property, either to the donee or to some person for his use or benefit, and the donor must part with all dominion over the property, and the title must vest in the donee, subject to the right of the donor at any time during his life to revoke the gift. (Dole v. Lincoln, 31 Me. 428, 429; Curry v. Powers, 70 N. Y. 217, 26 Am. Rep. 577; Hatch v. Atkinson, 56 Me. 327, 96 Am. Dec. 464; Taylor v. Henry, 48 Md. 550, 30 Am. Rep. 486.) All the authorities agree that there must be a delivery of the property intended to be the subject of the gift. (Hamor v. Moore's Admr., 8 Ohio St. 242; Fiero v. Fiero, 5 Thomp. & C. 151; Case v. Dennison, 9 R. I. 88, 11 Am. Rep. 222; McGrath v. Reynolds, 116 Mass. 566.)" Daniel v. Smith, supra.

Is there any such delivery established by the evidence in this case, with intent by decedent Curtis to part with all dominion over the property?

Counsel for administratrix insist that neither the writings submitted in evidence. nor the oral testimony show a delivery to the donee in any sense whatever, and insist that the respondent Reddy was the agent of the donor; but counsel mistake the evidence, or this court misapprehends its effect, for, if I have rightly understood the facts, the respondent was constituted the agent of the donee, and as such agent was the recipient of the gift, thus making a perfect donation causa mortis, according to the statute and the decision of the supreme court in Daniel v. Smith, supra, which I have carefully read, and which agrees with all the authorities sustaining the contention of counsel, that to constitute a valid gift causa mortis the gift must be made (1) with a view to the donor's death; (2) the donor must die of that ailment; (3) there must be an actual delivery to the donee; (4) there must be an acceptance of the gift by the donee; and (5) all these elements must concur or transpire during the lifetime of the donor; all of these conditions must be fulfilled to make the donation perfect. The fallacy, if it be a fallacy, of the argument of counsel for the administratrix lies in their reversal of Reddy's relation to the deceased; he was not his agent, he was acting for the donee; the delivery to respondent was a delivery to that donee; there was an actual transfer of the property to the donee, or to some person for his use and benefit, which complied with the requisite essential to the validity of the gift causa mortis.

The gift was made in contemplation of the near approach of death by the donor Patrick Curtis, to take effect absolutely only upon his death; there was a delivery of the property— "a manual tradition" (according to Mr. Justice Thornton in Daniel v. Smith, page 350, 64 Cal., 30 Pac. 575)—to the respondent Reddy for the use and benefit of the donee John Edward Curtis, a reduction to actual possession, an acceptance in law, during the life of the donor Patrick Curtis, and the title had so vested in the donee, subject to the right of the donor at any time during his life to revoke the gift. He died without having made any revocation and the title became absolute in the donee, a complete and perfect investiture.

Out of respect to the counsel who have presented so elaborate and erudite an essay upon the subject matter of this opinion, I have taken the pains to examine a question which this court, sitting in its purely probate character, has no power to deal with determinatively, for it has been held more than once, notably in Ex parte Casey, 71 Cal. 269, 12 Pac. 118, that the probate forum has no function in these premises, and therefore whatever judgment I might attempt to pronounce would be vain and void.

Shortly stated, this court, sitting in probate, has no right conferred by the constitution or by the statute to adjudicate the question of title to property in a proceeding of this kind, and, of course, such a point may not be waived, even if it were not expressly saved herein by the party respondent, Reddy; for, as the supreme court has said, such an issue, vital to the exercise of the court's power, cannot legally be determined in such a proceeding. He is entitled to be heard according to the forms of law, in an appropriate tribunal: Ex parte Hollis, 59 Cal. 406.

Upon the ground of lack of jurisdiction in this particular department of the superior court, the application of the administratrix is denied and the citation is dismissed.