[Crim. No. 2217.  First Dist., Div. One.  Mar. 13, 1942.]

In re VIOLET M. OCHOA on Habeas Corpus.

Alexander Mooslin and Joseph A. Brown for Petitioner.

Raymond D. Williamson and Edward D. Mabson for Respondents.

KNIGHT, J.—This is a proceeding in habeas corpus.  At the time the writ was issued and served the petitioner, Violet M. Ochoa, was being imprisoned in the county jail by the sheriff of the city and county of San Francisco pursuant to a commitment issued by the superior court in and for said city and county "In the Matter of the Guardianship of the Estate of Violet Consuelo Giersch, a Minor."

The allegations of the petition for the writ have not been controverted, and it appears therefrom that the proceedings which led up to the issuance of the commitment were these: The guardian of the minor filed an affidavit in said court averring that the minor was the beneficiary of a trust fund established in a San Francisco bank, which fund was to be turned over to the minor when she reached her majority; that Violet Ochoa was the trustee of said fund, and that on Oc-

tober 20, 1941, the guardian was informed by said bank that on September 30, 1941, the trust funds had been withdrawn by the trustee. The guardian asked, therefore, that the trustee and the bank be cited to appear before said court "and be examined on oath, regarding said trust account . . ."; and a citation was issued directing the petitioner and the bank to show cause "why the trust account . . . was closed" and "what became of the funds on deposit therein." At the hearing, so the petition alleges, petitioner "averred and alleged and claimed that the money was her own and that she claimed title to said monies and that it was in truth and in fact not the property of the said minor." The minutes of the court recite that as a result of the hearing it was "ordered [that] Violet Ochoa be adjudged guilty of contempt of Court and ordered confined in the County Jail until the money withdrawn from Bank be paid to the Guardian."

Pursuant to such adjudication and order the following commitment was issued: "The citation hitherto issued for Violette Ochoa, also called Violette Crouzziare, citing her to show what became of certain funds on deposit in the above entitled estate coming on regularly for hearing this day and it appearing to the Court that the said Violette Ochoa, alias Violette Crouzziare, had used for her own use the sum of $400.00 belonging to the above named minor, and the said Violette Ochoa, alias, having refused in open court to obey the Order of this court requiring restitution of said funds: It is therefore ordered that Daniel C. Murphy, the sheriff of the City and County of San Francisco, take said Violette Ochoa, alias, and confine her to the County Jail of the City and County of San Francisco until she pays unto the Estate of the above named minor the sum of $400.00, and this is your warrant for commitment."

The discovery proceeding in the guardianship matter resulting in the adjudication of contempt was initiated and heard under the authority of section 1552 of the Probate Code, the material provisions of which are substantially the same as those embodied in section 613 of said code, pertaining to estates of deceased persons; and the concluding clause of section 1552 provides that the probate court may proceed against the person cited for examination in the same manner as in the case of estates of deceased persons. (Probate Code, sec. 614.) In defining the powers granted by the code

sections pertaining to the estates of deceased persons, it is held that while the probate court is vested with full authority thereunder to compel a person to appear and be examined on an order relating to the discovery of the property such person is charged with having embezzled, concealed, smuggled or fraudulently disposed of and may punish as a contempt any disobedience to the orders the court has made in that respect, "the power of the probate court ends with the discovery of the property and the enforcement of the remedial provisions of the statute and does not extend beyond that. Accordingly, where the dispute between the persons cited and the representative of the estate involves the title to the property, the court of probate cannot in such proceedings determine the issue nor convict one of contempt for not obeying an order to deliver up such property, at least where his claim is supported by some evidence, for he is entitled to be heard according to the forms of law in an appropriate tribunal." (11A Cal. Jur. 463, 464.) Stated another way, "This provision of the code does not authorize the court, after the examination, to order such property to be delivered up to the executor or administrator or to be deposited as the court may order, when the title thereto is in dispute, and to imprison the respondent for contempt in failing to surrender disputed property to the court's control." (11A Cal Jur., p. 467.) Among the cases so construing said code sections are *Ex parte Casey,* 71 Cal. 269 [12 Pac. 118]; *Koerber* v. *Superior Court,* 57 Cal. App. 31 [206 Pac. 496]; *Estate of Escolle,* 134 Cal. App. 473 [25 Pac. (2d) 860].

Therefore in the present case, since petitioner obeyed the citation to appear in court and submitted to the oral examination concerning the withdrawal of said trust funds but claimed title thereto, no legal ground existed for the adjudication of contempt, and the order directing that she pay over the money and be imprisoned until she does so constitutes an invalid exercise of the probate court's jurisdiction. Counsel for the guardian so concedes.

It is ordered that the petitioner be discharged from custody and that the cash bail deposited with the clerk of this court be returned to the person by whom it was deposited.

Peters, P. J., and Ward, J., concurred.