[L. A. No. 17975. In Bank. July 15, 1942.]

HERBERT WILKERSON, Appellant, v. ETTA B. SEIB et al., Respondents.

William Ellis Lady for Appellant.

Millard M. Mier and William C. Schaper in pro. per., Mier & Schaper and E. L. Overholt for Respondents.

CURTIS, J.—The plaintiff, in an action to establish a trust and for money had and received, appeals from a judgment of dismissal entered after an order sustaining general and special demurrers to the plaintiff's third amended complaint without leave to amend.

The complaint in question, the allegations of which must be regarded as true on this appeal from a judgment after demurrers, contains two counts. The basis of the plaintiff's claim is stated in the first cause of action substantially as follows: One Elizabeth J. Herbst, now deceased, owned a house and lot in Los Angeles. In January, 1931, she executed a deed of this property naming the plaintiff as grantee and irrevocably delivered it to one Mitchell, who as notary had taken her acknowledgment of it, with instructions to hold it without recording and to deliver it upon her death to the plaintiff. The plaintiff is alleged to have been "well acquainted" with Mrs. Herbst and to have "rendered and performed acts and deeds for her." Mrs. Herbst died in October, 1932, leaving a will nominating Mitchell as executor. The will was admitted to probate, Mitchell was appointed executor, and he acted as such until his death in August, 1936. Mitchell did not deliver the deed to the plaintiff but treated the property as part of the estate, collecting the sum of $1,632.29 as rentals and depositing this amount to the credit of the estate. In December, 1936, the defendant Seib, a niece of Mrs. Herbst, was appointed administratrix with the will annexed of the Herbst estate, and she continued to act as such until August, 1939. She took over the real property and the past revenue therefrom and collected current income amounting to $957.50 until her conveyance of the property to one Zillotto for a consideration of $2,400. She thus received from the property the total sum of $4,989.79, from which, it is alleged, she gave without consideration to the other defendants, Mier and Schaper, some unknown amount in excess of $2,000. The plaintiff's attorney in June, 1939, while going through Mitchell's papers relative to the Herbst estate, discovered the

instrument executed in 1931. He immediately communicated with the plaintiff, who, on calling at the attorney's office on July 29, 1939, learned for the first time of the execution and delivery of this deed. On August 2, 1939, the plaintiff made demand upon the defendants for the money derived from the property subject of the 1931 conveyance. The plaintiff proceeds upon the theory that the property had been held by Mitchell in trust for the plaintiff, that the defendants in like manner now hold the receipts from the property—the aggregate sum of $4,989.79—and that they have refused to comply with his demand therefor. The second cause of action is merely a common count for money had and received, in the same amount.

This action was commenced in September, 1939. The complaint here in question was attacked by demurrers upon the following grounds: (1) failure to state facts sufficient to constitute a cause of action; (2) bar of the statute of limitations; (3) lack of jurisdiction of the court over the subject of the action; (4) misjoinder of parties defendant; (5) improper joinder of several causes of action; and (6) features of uncertainty, unintelligibility and ambiguity as to the statement of the first cause of action. The order of the court sustaining the demurrers was general in its terms. Accordingly, the defendants contend that if the demurrers were well taken as to any of the grounds urged therein, the judgment based on the court's order must be affirmed. (*Haddad* v. *McDowell*, 213 Cal. 690, 691 [3 P. (2d) 550]; *Feldesman* v. *McGovern*, 44 Cal. App. (2d) 566, 568 [112 P. (2d) 645].) However, this principle is unavailing to the demurrants here in view of the following considerations determinative of the impropriety of the trial court's ruling.

The precise basis of the plaintiff's claim nullifies the force of the defendants' first objection challenging the sufficiency of the statement of facts in the complaint in question. By his first cause of action the plaintiff traced the real property and the earlier proceeds therefrom into the hands of the defendant Seib at a time when she was acting in her representative capacity as administratrix with the will annexed of the Herbst estate, but alleged that she received the property and income as trustee for the plaintiff and not as administratrix. This averment is in accord with the rule established by a long line of decisions in this state headed by the pioneer case of *Bury* v. *Young*, 98 Cal. 446 [33 Pac. 338, 35 Am. St. Rep.

186], that the grantor's irrevocable delivery of a deed to a third person, with instructions that it be given to the grantee upon the grantor's death, has the effect of vesting the title to the property immediately in the grantee, qualified only by a life tenancy in the grantor, and the depositary thereby becomes the *trustee* of the deed for the grantee. (See, also, *Moore* v. *Trott*, 156 Cal. 353 [104 Pac. 578, 134 Am. St. Rep. 131]; *Husheon* v. *Kelley*, 162 Cal. 656 [124 Pac. 231]; *Williams* v. *Kidd*, 170 Cal. 631 [151 Pac. 1, Ann. Cas. 1916 E, 703], and *Hunt* v. *Wicht*, 174 Cal. 205 [162 Pac. 639, L. R. A. 1917 C, 961].) Commensurate with this principle, when Mrs. Herbst in 1931 made an absolute and unconditional delivery of the deed to Mitchell, title to the property involved passed at once to the plaintiff, the grantee, subject to a life estate in the grantor. Upon the death of Mrs. Herbst in 1932 the plaintiff, as owner in fee of the property, was entitled to receive the deed from Mitchell. When Mitchell failed to make delivery as instructed, he continued to hold the deed in trust for the plaintiff, and the defendant Seib received the property subject to the same trust. The fact that she had no knowledge of the trust could not destroy the plaintiff's rights under it.

In so relying upon the immediate passage of title under this deed to sustain his claim to the moneys accruing from the use of the property and its sale, the plaintiff does not dispute the doctrine of *Green* v. *Skinner*, 185 Cal. 435 [197 Pac. 60], holding that acceptance by the grantee is a condition precedent to the passage of title and his assent will be presumed and given retroactive effect only if the rights of third parties have not intervened. The plaintiff concedes that since the deed of 1931 was not recorded, the position of Zillotto, the innocent purchaser of the real property, cannot be attacked, and in this connection he merely seeks the proceeds from the sale, which, with the rentals previously collected, the defendant Seib continued to hold subject to the trust.

According to the plaintiff's allegations, the defendant Seib delivered to the defendants Mier and Schaper a portion of the aggregate amount received by her as trustee, which transfer was without consideration and involved no change of position in any respect upon their part. This direct pleading of the defendants' status in relation to the plaintiff's claim negatives their receipt of any part of the total sum of $4,989.39 here in controversy as innocent third persons and for value, and overcomes any presumption that such

money was disbursed pursuant to orders of court made concerning the administration of the Herbst estate, either in extinguishment of a just and legally established claim or of rights under the will. In consequence of these averments, it would appear that the defendants are holding the entire proceeds derived from the management and disposition of the property since the death of the grantor in 1932 for the use and benefit of the plaintiff, and the fact that there is no allegation that the defendant Seib knowingly received the property subject to the trust is immaterial under the circumstances.

Nor can it be said that the cause of action so stated by the plaintiff is barred by the statute of limitations, regardless of whether the facts alleged constitute a voluntary or involuntary trust insofar as the defendants are concerned. In either case the determinative factors here are the plaintiff's lack of knowledge of the existence of the deed until July 29, 1939, his demand made four days later upon the defendants for payment of the moneys derived from the use and sale of the property in question, and his filing of this action on September 8, 1939, a few weeks following their refusal to comply with his demand. The principles conclusive of this point in favor of the plaintiff are concisely stated in *Truesdail* v. *Lewis*, 45 Cal. App. (2d) 718 [115 P. (2d) 218], at page 723: "The rule is well established that the statute of limitations does not begin to run in the case of a voluntary trust until the defendant repudiates the trust or at least until the owner of the property has knowledge of the trustee's intention to repudiate the trust. (*Leviston* v. *Tonningsen*, 212 Cal. 656, 664 [299 Pac. 724]; 25 Cal. Jur. 271, § 133.) In the case of an involuntary trust the statute of limitations begins to run, regardless of repudiation thereof, from the time when the wrongful or fraudulent acts are performed by the trustee, except that the statute is tolled as to the owner of the property until he actually acquires knowledge of the wrongful acts, or, by the exercise of reasonable care, until he is charged with such notice. (*Neilsen* v. *Neilsen*, 216 Cal. 150 [13 P. (2d) 715]; 25 Cal. Jur. 274, § 135.)" Consistent with this settled law, the circumstances referable to the plaintiff's discovery of the conveyance and his prompt assertion of his rights thereunder demonstrate beyond dispute that the

statute of limitations will not preclude his prosecution of the present action.

Likewise without merit is the ground of demurrer based upon the premise that the court sitting in equity is without power to determine the present case, but that such matter is within the exclusive jurisdiction of the probate court. In this connection the defendants urge that all issues relative to the ownership of the moneys now claimed by the plaintiff were conclusively adjudicated in favor of the Herbst estate pursuant to the probate court's decree of distribution of these proceeds, and that such final order is valid on its face and therefore not subject to this, collateral attack by the plaintiff. This argument disregards entirely the theory of the plaintiff's action based fundamentally on an alleged fiduciary relationship existing between the plaintiff and the defendant Seib by reason of her coming into possession of certain trust moneys. The plaintiff does not seek redress against the defendant Seib in her representative capacity, and the complaint in question contains no reference to the probate proceedings incidental to the closing of the Herbst estate. Therefore, the defendants' claim that the plaintiff's action constitutes a collateral attack on a final decree of distribution transcends the scope of the record presented on this appeal. Furthermore, it should be noted that under the circumstances here detailed the probate court in no event would have the power to try the question of the ownership of the moneys averred to be the subject of trust. The well-defined limits of that forum's jurisdiction in this regard are stated in the *Estate of Vucinich*, 3 Cal. (2d) 235 [44 P. (2d) 567], at page 243: "The superior court sitting in probate has jurisdiction to determine as against an executor the amount of money or property of the estate that has come into his hands, for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto. The power to determine as against the executor what money or other property belonging to the estate has come into his hands is implied in the power to settle his accounts and determine what remains in his hands to be distributed. (*Estate of Burdick*, 112 Cal. 387 [44 Pac. 734]; *Stevens* v. *Superior Court*, 155 Cal. 148 [99 Pac. 512].) This power, however, is limited, in cases where title thereto is in controversy, to those where the executor or other personal representative claims the property in

his individual capacity. (*Estate of Kelpsch*, 203 Cal. 613 [265 Pac. 214]; *Bauer* v. *Bauer*, 201 Cal. 267 [256 Pac. 820]; *Estate of Roach*, 208 Cal. 394 [281 Pac. 607].) It is undoubtedly the rule that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate. (*Ex parte Casey*, 71 Cal. 269 [12 Pac. 118]; *Estate of Haas*, 97 Cal. 232 [31 Pac. 893, 32 Pac. 327].)'' From this summarization of the rules affecting the power of the probate court to determine what money or property, title to which is disputed, belongs to the estate, it is manifest that the plaintiff's status as a stranger to the Herbst estate is decisive of that forum's lack of jurisdiction in the matter.

The remaining grounds of demurrer presented for consideration on this appeal require but brief discussion. The specification of misjoinder of parties defendant is clearly refuted by the allegations of the complaint in question detailing the plaintiff's theory of the individual liability of the defendants by reason of their receipt of the proceeds of trust property without having given consideration therefor and without change of position on their part. Where under the facts as stated the defendants appear to be responsible for the satisfaction of the claim in litigation, the objection that they are not proper parties is of no avail on demurrer. (20 Cal. Jur. 571, § 54.)

There is nothing in the point that several causes of action are improperly united and are not separately stated. Each count is complete within itself, and there is ''no reason why a cause of action arising out of the same transaction may not be separately stated in different ways, even though they are inconsistent with each other. The defendant is permitted to plead inconsistent defenses (Code Civ. Proc., § 441), and there can be no good reason why the same rule should not apply to different counts of a complaint as well as to the answer.'' (*Stockton Combined Harvester etc. Works* v. *Glens Falls Ins. Co.*, 121 Cal. 167, 171 [53 Pac. 565].) As was said in *Cowan* v. *Abbott*, 92 Cal. 100 [28 Pac. 213], at page 102: ''Theoretically, they are distinct causes of action, and there is no requirement that they shall correspond or be consistent with each other.'' In the case of *Tanforan* v. *Tanforan*, 173 Cal. 270 [158 Pac. 709], the court stated at page 273 that inconsistent counts could be used ''when for any reason

the pleader thinks it desirable so to do." Accordingly, the fact that the second or common count, reciting that "within two years last past" the alleged indebtedness was incurred, is in part at variance with the time element entering into the plaintiff's statement of the first cause of action does not render the pleading in question demurrable.

Various portions of the first cause of action are cited by the defendants as uncertain, ambiguous and unintelligible, and it is urged that these faults concern material matters and therefore constitute a sufficient basis to support the court's adverse ruling to the plaintiff's claim. Although the court is entitled to have a clarification of the pleading in the particulars specified, yet where the complaint is not fatally defective in its statement of a cause of action, it is improper to sustain a special demurrer without leave to amend. In such case the plaintiff should be given the opportunity to meet the objections advanced in order that the litigation may be decided upon its merits. [*Olivera* v. *Grace,* 19 Cal. (2d) 570, 579 [122 P. (2d) 564]; *Guilliams* v. *Hollywood Hospital,* 18 Cal. (2d) 97, 104 [114 P. (2d) 1]; *Payne* v. *Baehr,* 153 Cal. 441, 447 [95 Pac. 895]; *Starr* v. *Slaney,* 11 Cal. App. (2d) 311, 314 [53 P. (2d) 395]; 21 Cal. Jur. 120, 121.]

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.