[Civ. No. 6689. Third Dist. Mar. 3, 1943.]

M. E. LORTZ, Respondent, v. INEZ L. PHELPS, Appellant.

Preston & Gibson for Appellant.

Taft & Spurr for Respondent.

ADAMS, P. J.—Appeal from a judgment in an action for declaratory relief.

Plaintiff began this action February 1, 1939, alleging in his complaint that he was, and had been since about February 15, 1924, in possession of certain real property therein described; that on December 9, 1927, defendant was the owner in fee of said lands, and on said date executed a deed granting said lands to plaintiff, and delivered said deed to M. H. Iverson with escrow instructions to him to deliver it to plaintiff upon her death; that this was done with the intention of vesting plaintiff with the present legal title to the property, reserving to herself a life estate, and that said M. H. Iverson accepted the escrow of said deed and agreed to abide by said

instructions; that both prior to and subsequent to the execution of said deed defendant asked plaintiff to improve the property, saying that she would give same to him, and that relying upon her promises plaintiff had made improvements thereon at a cost to him of some $8,320, including the building of a dwelling house; that about March 14, 1935, defendant had secured the possession of said deed without the consent of M. H. Iverson and against his wishes and protests, and had refused to redeliver same to him; that she threatened to encumber or sell said property, and if she carried out said intentions the improvements made by plaintiff would be lost to him, together with his interest in the lands; that a controversy existed between the parties which plaintiff sought to have resolved by a decree that he was the owner of said lands, subject to a life estate in defendant, and enjoining defendant from disposing of or encumbering same, except as to her life interest.

Defendant filed an answer denying most of plaintiff's allegations but admitting that he was in possession of the dwelling house on the premises, that he had been for some time a lessee thereof during which period he had made some repairs, added some equipment and built the house, but that she had furnished all the money therefor. She admitted the taking of the deed from the custody of M. H. Iverson, but denied the other allegations of the complaint respecting its execution and delivery; and she filed a cross-complaint seeking to quiet her title as against any claims of plaintiff. In a second count she alleged that plaintiff was withholding possession from her, and sought restitution of the premises. Answering the cross-complaint plaintiff admitted that he was in possession of the dwelling house on the land, and that he had been served with notice to vacate, but alleged that his possession was by consent of defendant and pursuant to her agreement that he should have possession upon his making improvements as previously alleged, and asserting an estoppel against defendant. He prayed only for the relief demanded in his complaint.

The case was tried by the court, trial by jury having been waived, and at its conclusion findings were made sustaining the allegations of plaintiff's complaint. As to the execution and delivery of the deed in escrow to M. H. Iverson, it was found that it was delivered with the intent to vest a present legal title in plaintiff, reserving to defendant a life estate in

the property and without any agreement or understanding that same could be withdrawn; as to improvements made upon the property it was found that they were placed there at the expense of plaintiff except the amount of $1,800 paid by defendant; and as to plaintiff's right of occupancy of the house upon the land, it was found that he had a right to occupy same with defendant, that neither party had the exclusive right of possession, and that said dwelling had been erected by plaintiff with the express direction and consent of defendant, and with the understanding and agreement that both might occupy same.

A decree followed, adjudging that there was a valid delivery in escrow of the deed in controversy, with intent on the part of the grantor to transfer title to plaintiff subject to a life estate in defendant; that plaintiff is the owner of the premises in fee; that the deed executed by defendant be held in escrow by the clerk of the court during the lifetime of defendant, and on her death be delivered to plaintiff; that the parties both have a right to possession of the dwelling house and outbuildings, together with the land upon which they are located, neither having the right to exclude the other therefrom; and that defendant take nothing by her cross-complaint.

In her briefs on this appeal appellant argues that the evidence does not support the finding that the deed was delivered in escrow with the intention of vesting plaintiff with the then present legal title; that no present interest vested in plaintiff as matter of law; and that at any event plaintiff has no right to retain possession of any portion of the premises at present.

Respondent answers that the evidence supports the finding of the court that the delivery of the deed in escrow was made with intent to vest title in plaintiff immediately, that it follows as matter of law that title vested in plaintiff subject to a life estate in defendant; and that as to the right to possession no contention is made by respondent that he is entitled to possession of the house as remainderman, but that his right to share possession thereof rests upon an agreement between the parties that plaintiff should have such right to possession in consideration for the improvements put upon the premises by him, and that defendant is estopped to deny such agreement.

At the time of the argument of the case before the court

appellant's counsel urged that the decree did not show a life estate reserved in defendant, and that it should be modified to that extent at least; also that appellant should have judgment in ejectment against plaintiff at any event, because as life tenant she has right to possession. Thereupon counsel for respondent stated that no objection would be interposed to a modification of the decree to adjudge a life estate in defendant, and that possession of all except the dwelling and its immediate premises had been surrendered to defendant as life tenant.

We shall first consider the sufficiency of the evidence to sustain the finding of the trial court that defendant delivered the deed in escrow with intent to convey a present title, bearing in mind that if there be such evidence this court is bound by the findings of the trial court. Plaintiff himself testified that prior to the making of the deed his mother was contemplating marriage, and when plaintiff spoke to her about the improvements he had made she said, "You do not have to share it with anyone, we will go to Ukiah and fix it for you"; that thereafter Mrs. Phelps, with plaintiff and his wife, went to Mr. Iverson's office where she told Mr. Iverson that she wanted to make out a deed, so that if she got married the whole place would be plaintiff's, and whoever her husband was he wouldn't share in the ranch; that she didn't want the deed recorded because "it would be on record whoever she married—that she wouldn't have the ranch"; that Mr. Iverson told her that he would keep the deed and at her death Lortz could get it and no one would share in the improvements; that she could not get the deed back, and that Lortz could not get it until her death; and she said that was all right.

Mrs. Lortz, wife of plaintiff, testified that prior to the execution of the deed, Mrs. Phelps, in the presence of plaintiff and herself, stated that she was contemplating marriage and when Lortz asked what was going to become of the money he had put into the place said she would see Mr. Iverson and have a deed made out; that shortly thereafter the three of them went to Mr. Iverson's office and Mrs. Phelps told him she wanted to have a deed made out to her son Myrt; that she wanted it fixed up so the place could be his; that the deed was made out, and Mr. Iverson told Mrs. Phelps, "You understand you can't have this deed or Myrt can't either; it will be held in escrow, and at your death it will be

given to Myrt,'' and that Mrs. Phelps said, ''That's the way I want it.'' While defendant denied some of this evidence, her memory was bad and the trial court was justified in disregarding her denials. Also the manner in which she secured possession of the deed from Mr. Iverson indicates that she knew that her delivery of it to him was not with any understanding that she could repossess herself of it at any time.

The question as to delivery of the deed is one of fact and the judgment of the trial court may not be disturbed if it rests upon evidence. The foregoing is sufficient to sustain the finding of the trial court that the deed was executed and delivered in escrow with intent to convey a present legal title in plaintiff, reserving a life estate in defendant. Also the trial court had a right to take into consideration the fact that plaintiff was the only child of defendant and the natural object of her bounty, that she loved him, as her letters to him show, though there were differences between them at times; and that he had worked and made extensive improvements upon the property at her request.

In view of the foregoing it cannot be said that there was not evidence to sustain the finding of the trial court as to the intention of defendant in executing and delivering the deed to Iverson; and the legal effect was to convey a present title to the grantee, reserving a life estate in the grantor. (*Williams* v. *Kidd,* 170 Cal. 631 [151 P. 1, Ann.Cas. 1916E, 703]; *Wilkerson* v. *Seib,* 20 Cal.2d 556, 559-560 [127 P.2d 904]; *Longley* v. *Brooks,* 13 Cal.2d 754 [92 P.2d 394]; *Hinshaw* v. *Hopkins,* 37 Cal.App. 2d 230, 240 [99 P.2d 283].)

█ The second question propounded by appellant, as to whether defendant is estopped from claiming exclusive present possession of the buildings on the property described in the deed, involves, too, a question of fact, for it is not contended by respondent that a remainderman is entitled to possession of property as against the owner of the life estate. It is found by the court that plaintiff, at defendant's request, expended in excess of $6,000 of his own money in improving the property, particularly in building the house and outbuildings after the original ones had been destroyed by fire. This is sustained by the evidence. But the court also found that said dwelling was erected by plaintiff with the understanding and agreement that both might occupy same. We are unable to find any evidence of an agreement on defend-

ant's part that in consideration of the improvements made by him he should have an equal right with defendant to occupy same during her lifetime. In so finding, the trial court followed the language of plaintiff's answer to defendant's cross-complaint; but plaintiff made no such contention in his complaint and the prayer thereof was merely that he be declared the owner of the lands subject only to a life estate in defendant. The prayer of his answer to the cross-complaint is that the relief prayed in his complaint be granted him.

During plaintiff's cross-examination he testified:

"Q. You always recognized, did you not, Mr. Lortz, that the ranch would be hers so long as she lived? A. Yes. I am not trying to take the ranch away from her.

"Q. You are perfectly willing to have her have the ranch while she is alive, are you? A. Sure, its hers.

"Q. You recognize that fact? A. Yes sir.

"Q. You are still living on the ranch? A. Yes sir.

"Q. Why don't you surrender it to her?

"A. Well, I imagine after this is over I will. I am willing to move any time, but I would like to know where that deed is going to.

"Q. You are just standing pat so far as the building is concerned until this litigation is determined relative to the deed?

"A. Yes sir, when this is finished I am ready to get up and leave.

"Q. You claim no rights there at all now?

"A. I would have left a long time ago if she left the deed back."

In view of the foregoing and of the relationship of the parties, as well as the evident desire of their respective counsel to arrive at an amicable adjustment of the differences between plaintiff and defendant, we trust that further interposition of a court may be avoided.

The judgment is amended so that the first two lines of the paragraph numbered (2) thereof shall read as follows:

"That the plaintiff is the owner in fee of the lands and premises described in said deed, subject to a life estate in defendant."

And insofar as said judgment decrees that plaintiff has a present right to possession of the dwelling house and out-

buildings together with the land upon which the same are located, said judgment is reversed, neither party to recover costs upon this appeal.

Schottky, J. pro tem., and Thompson, J., concurred.