[Civ. No. 7354.   Third Dist.   June 30, 1947.]

Estate of FRED ABDALLAH, Deceased.   WILLIAM K.
BROWN, Appellant, v. MARGUERITE A. ABDAL-
LAH, as Administratrix, etc., Respondent.

W. V. Anderson for Appellant.

Willens & Boscoe for Respondent.

ADAMS, P. J.—This is an appeal from an order denying
a motion to dissolve and vacate a temporary restraining order,
made by the Superior Court of San Joaquin County, sitting
as a probate court in the matter of the estate of Fred Abdallah,
deceased; also from an order in the nature of a permanent
injunction made by the same court in the same proceeding.
The appeal is presented upon a record consisting of the fol-
lowing: An affidavit by Marguerite Abdallah, administratrix
of the said estate, filed August 20, 1946, in which it was
averred that the principal asset of the estate consisted of a
cardroom in Stockton known as the Sutter Club, which was
owned and operated by decedent during his lifetime; that
since the death of decedent one John Doe Brown, a former
employee of decedent, had claimed that he was a partner of
Abdallah under an oral partnership agreement, and that said
Brown was wilfully withholding possession of said premises
from her, and refusing to permit her to operate the business,
to the irreparable injury of said estate; and in which she
prayed that the court restrain Brown from interfering with

the business, and that, until the order to show cause could be heard, the court order the immediate removal of Brown from the premises. An order to show cause, returnable August 26, 1946, which ordered that pending the hearing on such order, Brown, his agents, etc., be restrained from interfering in any manner with the said Sutter Club, and that he remove from the said premises forthwith, and until the further order of the court. A motion filed by Brown on August 24, 1946, to dissolve and vacate the aforesaid order, on the ground that no undertaking had been required of or filed by the applicant, and that the property affected was partnership property. An affidavit by Brown filed August 26, 1946, in which he asserted that on April 18, 1946, he had paid decedent Abdallah $3,500 for an undivided one-half interest in the Sutter Club, at which time they had entered into an agreement to operate same as copartners; that they had so operated it until the death of Abdallah, and that since said death he, Brown, had remained in possession as surviving partner in an endeavor to wind up the partnership business, and that he was so engaged when on August 20, 1946, he was forcibly ejected from the premises after the issuance of the order aforesaid; that as surviving partner he was entitled to remain in possession for the aforesaid purposes; and in which he prayed that the order previously issued be vacated, that he be restored to possession, and that the administratrix be restrained from interfering with his operation of the property for the purpose of winding up the partnership affairs. Minutes of the court dated August 26, 1946, denying motion to dissolve and vacate restraining order, and reciting that testimony was received on the order to show cause and the matter continued to August 27th. Minutes of the court dated August 27, 1946, on the order to show cause, reciting that on that date further oral testimony was presented by several witnesses, after which the cause was submitted to the court; and ordering "that the estate of Fred Abdallah is sole owner of the 'Sutter Club' and William K. Brown is restrained from interfering with its business or contents; . . . ."

No transcript of the testimony taken is contained in the record on appeal.

Brown's brief on appeal, though inartificially drafted, apparently is intended to state, as grounds for reversal, that the order of August 20, 1946, requiring him to remove from the premises forthwith constituted an adjudication of the

rights of the parties in the Sutter Club, without a hearing and without the giving of a bond by the administratrix, and that his motion to vacate same should have been granted for those reasons; and that all of the proceedings in the probate court in this connection were in excess of the jurisdiction of that court.

We think that a decision on the appeal rests solely upon a determination of the question of jurisdiction of the probate court to try the issue of title. The affidavit of the administratrix upon the strength of which the order of August 20th was made averred that Brown claimed that the Sutter Club was partnership property, and, since the affiant claimed that it was an asset of the estate, upon her own showing a question of title arose. The order ousting Brown from possession can be justified (if justifiable at all in view of the decision in *Martin* v. *Danziger*, 21 Cal.App. 563, 566 [132 P. 284]) only on a conclusion that there was no partnership and that the sole ownership of the property was in the estate. Had such a partnership existed, the ownership of the property would have been in the partnership and not in the estate, and the right to possession of the property would have been in Brown for the purpose of winding up the affairs of the partnership. See Civ. Code, § 2419(d); Prob. Code, § 571; *Estate of Grivel*, 10 Cal.2d 454, 456 [74 P.2d 759]; *Perelli-Minetti* v. *Lawson*, 205 Cal. 642, 651 [272 P. 573]; *Fong Sing* v. *O'Dell*, 50 Cal.App. 55 [194 P. 745]; *Cooley* v. *Miller & Lux*, 168 Cal. 120, 136-137 [142 P. 83]; *Swanson* v. *Siem*, 124 Cal. App. 519, 522-523 [12 P.2d 1053]; *De Coe* v. *Johnson*, 54 Cal.App. 592, 601 [202 P. 362]; *Andrade* v. *Superior Court*, 75 Cal. 459, 463 [17 P. 531].

As for the hearings on August 26th and 27th upon appellant's motion to vacate the order of August 20th, and respondent's order to show cause, upon both of which dates the probate court took testimony, and which resulted in a denial of appellant's motion, and an order that the estate was the sole owner of the Sutter Club, obviously the court did, in those proceedings, proceed to try the title between the respective claimants.

In the early case of *Ex parte Casey*, 71 Cal. 269 [12 P. 118], it was held that the superior court, in a probate proceeding, has no power to order property in the possession of a person claiming title thereto to be delivered up to the executor or administrator; that the issue of title should be tried in an appropriate action in which the verdict of a jury or the find-

ings of the court may be had upon issues properly framed for the purpose of definitely determining the question of title. In *In re Haas,* 97 Cal. 232, 234 [31 P. 893, 32 P. 327], it was said that there are many matters relating to the estates of deceased persons of which the probate court has no jurisdiction, and that the question of title to property is essentially one of them; and that when it became apparent to the probate court that matters of title to property were at issue, such matters should have been left to other courts for determination. Those decisions have been cited frequently. See *Bauer* v. *Bauer,* 201 Cal. 267, 271 [256 P. 820]; *Wilkerson* v. *Seib,* 20 Cal.2d 556, 563 [127 P.2d 904]; *McCarthy* v. *Superior Court,* 64 Cal.App.2d 468, 472 [149 P.2d 55].

In *Koerber* v. *Superior Court,* 57 Cal.App. 31, 34 [206 P. 496] (hearing in Supreme Court denied), a writ of prohibition to restrain a probate court from adjudicating the title to certain personal property claimed to be the property of petitioner and also claimed to belong to the estate of a decedent was issued, and it was held that the probate court was without power to try and determine such title; and that, even though the claimant had filed an answer in the probate proceedings setting forth her claim and praying for relief, she was entitled to the writ.

In *Andrade* v. *Superior Court, supra,* on petition for writ of review, the court held that if questions arise in the course of settlement of partnership affairs which cannot be adjusted without recourse to the courts, the probate court is not the forum in which such questions can be solved, but, like other questions cognizable in courts of equity, they must be determined in the last-named courts. It was said in *Estate of Olmstead,* 216 Cal. 585, 587 [15 P.2d 495], that the object of section 615 of the Probate Code is to place the executor or administrator in possession of such facts as would authorize a civil suit to restore the property held by another and claimed to belong to an estate. Also, see, *Vigne* v. *Superior Court,* 37 Cal.App.2d 346, 351 [99 P.2d 589], citing the Koerber case and holding that the probate court was without jurisdiction to compel the custodian of a will to deliver up possession of same; *Estate of Escolle,* 134 Cal.App. 473, 476-477 [25 P.2d 860] (hearing in the Supreme Court denied), citing the Koerber case, and affirming an order of the probate court which had refused to determine the title to certain personal property claimed by appellants to belong to the estate

of decedent, and by respondents to have been given to them by decedent as a gift causa mortis; *McCarthy* v. *Superior Court, supra,* in which a writ of prohibition was issued restraining the superior court from enforcing an order directing petitioner to turn over to the executor of the will of a decedent, moneys the title to which was in dispute; *In re Ochoa,* 50 Cal.App.2d 457, 459 [123 P.2d 106], in which it was held that where a dispute arises between a representative of an estate and a third party as to the title to property, the court of probate cannot, in such proceeding, determine the issue, nor convict one of contempt for not obeying an order to deliver up such property, at least where his claim is supported by some evidence, for the reason that such person is entitled to be heard according to the forms of law in an appropriate tribunal (citing *Koerber* v. *Superior Court,* and *Estate of Escolle, supra*). Other pertinent authorities are: *Estate of Gillett,* 73 Cal.App.2d 588, 600 [166 P.2d 870]; *McCarthy* v. *McCarthy,* 205 Cal. 184, 185 [270 P. 211]; 11A Cal.Jur. 463-464, § 338.

Respondent concedes in her brief that in probate proceedings title to property cannot be tried as between the estate and a third party. But she asserts that this rule is not applicable here because the proceedings were for the purpose of restraining and enjoining a third party from interfering with the administratrix's administration of the estate of the decedent. She states that the principal asset of the estate was the Sutter Club, that it was her duty as administratrix to secure and preserve the property of the estate, and she was therefore required to secure possession of the club.

But these statements assume that the ownership of the Sutter Club was in the estate and not in the alleged partnership—the very question which the probate court was called upon to determine and did determine. Without so determining it would have been beyond the province of that court to hold that the administratrix was entitled to the possession, for if the property was partnership property, as such it constituted no part of the estate, and the right to possession of same was in Brown for the purpose of winding up the partnership affairs.

In adjudicating the title to the property in controversy in the probate proceeding the trial court erred. The orders appealed from are reversed.

Peek, J., and Thompson, J., concurred.