[Civ. No. 14791. First Dist., Div. Two. Jan. 4, 1951.]

DEWEY WILSON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Hone & Lobree for Petitioner.

Joseph A. Brown for Respondent.

SCHOTTKY, J. pro tem.—This is a proceeding to review an order of the superior court requiring Dewey Wilson, surviving husband of Lillian Wilson, deceased, and Jim Nelson, his agent, to deliver to the executor of the will of said deceased, certain real and personal property.

The will, except for a few minor specific legacies, gives all the estate to a sister of deceased as residuary legatee. The executor filed a petition in the superior court for an order requiring petitioner Wilson and his agent Nelson to deliver over the assets of the estate in their possession, mentioning in particular a rooming house or furnished apartments hotel acquired and recorded in the name of deceased, but in possession of petitioner Wilson and managed for him by Nelson. An order to show cause issued, in response to which petitioner denied the jurisdiction of the court to make the order, on the ground that the property, though presumptively the separate property of deceased, actually was community property, that petitioner as surviving husband was entitled to possession and management of the community property and that the probate court had no jurisdiction to decide whether the property was community or separate property. After a hearing in the probate court, and following the signing of the order the surviving husband filed a petition in this court for a writ of review.

The sole question to be determined is whether or not the probate court had jurisdiction to hear said matter and to make the order here under attack. Petitioner contends that the probate court exceeded its jurisdiction in proceeding to determine a question of title between the executor of the estate and the surviving husband.

■ It is the rule in California that title to property cannot be tried in the probate proceedings as between the estate of heirs or devisees, and a stranger to the estate.

In the early case of *Ex parte Casey*, 71 Cal. 269 [12 P. 118], it was held that the superior court, in a probate proceeding, has no power to order property in the possession of a person claiming title thereto to be delivered up to the executor or administrator; that the issue of title should be tried in an appropriate action in which the verdict of a jury or the findings of the court may be had upon issues properly framed for the purpose of definitely determining the question of title. In *In re Haas*, 97 Cal. 232, 234 [31 P. 893, 32 P. 327], it was said that there are many matters relating to the estates of deceased persons of which the probate court has no

jurisdiction, and that the question of title to property is essentially one of them; and that when it became apparent to the probate court that matters of title to property were at issue, such matters should have been left to other courts for determination. Those decisions have been cited frequently. See *Estate of Klumpke,* 167 Cal. 415, 421 [139 P. 1062]; *Bauer* v. *Bauer,* 201 Cal. 267 [256 P. 820]; *Wilkerson* v. *Seib,* 20 Cal.2d 556 [127 P.2d 904]; *McCarthy* v. *Superior Court,* 64 Cal.App.2d 468 [149 P.2d 55]; *Estate of Abdallah,* 80 Cal. App.2d 634 [182 P.2d 596]; *Estate of Escolle,* 134 Cal.App. 473 [25 P.2d 860]; *In re Ochoa,* 50 Cal.App.2d 457 [123 P.2d 106]; and in *Estate of Kurt,* 83 Cal.App.2d 681, this court said at page 683 [189 P.2d 528]:

"The basic rule and its recognized exception are set out in *Bauer* v. *Bauer,* 201 Cal. 267, 271 [256 P. 820]:

" 'It is undoubtedly the rule that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate. (*Ex parte Casey,* 71 Cal. 269 [12 P. 118]; *Estate of Haas,* 97 Cal. 232 [31 P. 893, 32 P. 327].) This is necessarily so for the reason that either the person initiating the attack or the person resisting the attack is lacking in privity to the probate proceedings."

And at page 684: "The only cases where the husband's claim against the wife's estate that property was community has been held to be within the probate court's jurisdiction are cases where the husband was the personal representative, thus bringing the case within the exception mentioned in *Bauer* v. *Bauer, supra,* 201 Cal. 267, and the decisions go expressly on that ground. (Citing cases.)"

And in *Estate of Klumpke, supra,* the court said at page 421: "A surviving husband claiming that certain property was community property up to the time of the death of his wife is thereby asserting a claim of title adverse to that of the estate of his wife, which cannot be determined by the court in probate."

The executor does not dispute the foregoing well settled rule but defends the order upon two grounds:

(a) That, although the court had no jurisdiction to try the issue of title, the court had jurisdiction to act on the disputable presumption of section 164, Civil Code, in behalf of ownership of the wife. (b) That even if the property were community the court would have jurisdiction at least over an undivided one-half and the income therefrom, and

as the hotel was indivisible, had power at its discretion to place the same in the custody of the executor, who had furnished bond. No authority is cited for this second ground.

In support of his first contention the executor states that by reason of the fact that the property in dispute stood in the name of the deceased wife, there was a presumption that it was her separate property. That such presumption arose is, of course, true, but such presumption is not a conclusive presumption but only a rebuttable one. Such presumption can therefore only be considered as evidence upon the trial of the issue of title, and cannot clothe the probate court with jurisdiction to determine the issue. The executor, at considerable length, refers to the evidence at the hearing in the probate court and argues that "since there is absolutely no substantial evidence that the property was community property, we are left with the presumption (conclusive in cases of this character) that the property was the separate property of the wife." However, what we are here confronted with is not a question of the sufficiency of the evidence to support the order of the probate court but a question of the jurisdiction of the probate court to try the issue of title as between the executor and petitioner.

As to the second contention of the executor that even if the property were community the court could vest possession in the representative of the estate, the second part of section 202 of the Probate Code reads: "in the event of such testamentary disposition by the wife, the husband, pending administration, shall retain the same power to sell, manage and deal with the community personal property as he had in her lifetime; and his possession and control of the community property shall not be transferred to the personal representative of the wife except to the extent necessary to carry her will into effect." This part of the section is construed as follows in 3 California Jurisprudence Ten-Year Supplement 682: ". . . the husband retains the power to sell, manage and deal with the community personal property, notwithstanding an administration is pending with respect to one-half of the property under his wife's will. . . . And the surviving husband, unless claimants under the wife's will record notices of their claims in the counties in which the real property is situated within forty days after the wife's death, may sell, lease or mortgage such real property and may otherwise dispose of it." (Prob. Code, § 203.)

In *Makeig* v. *United Security Bank & Trust Co.*, 112 Cal. App. 138 [296 P. 673], the surviving husband sued the executor of his wife's will to establish that certain moneys on deposit in the wife's name were in fact community property. The executor had taken possession of said money. After trial in the superior court, the court found said moneys to be community property and that the husband was entitled to the possession of same. However upon appeal the court said: ''While section 1402 of said code [Civ. Code, same as Prob. Code, § 202] provides that the possession and control of the community property shall not be transferred to the personal representative of the wife except to the extent necessary to carry the will into effect, in this case where only $10 is bequeathed to the husband and the entire balance to others, it is without question necessary for the personal representative of the wife in this case to retain possession of the amount subject to her testamentary disposition in order to carry her will into effect, not only to pay her debts, but the costs, charges and expenses of administration as well as the legacies.'' The judgment was ordered modified so as to permit the executor to retain one-half of the money in his possession, as that amount was subject to her testamentary disposition and it would have been an idle act to have paid one-half delivered to the surviving husband and then returned by him. This case in no way departs from the rule that the question of whether or not property is community or separate property cannot be determined in the probate court as between the representatives of the estate and the surviving husband, for in that case the question was determined in an action in the superior court.

We think it is clear under the authorities that where, as in the instant case, the surviving husband is in possession and control of property, and claims that said property is community property, the representative of the deceased wife's estate, even though the property may stand in the name of the wife, cannot have the question of whether the property is community property or separate property determined in the probate court, and the probate court is without jurisdiction to order the husband to deliver possession of said property to the representative of the wife's estate. If, as the executor asserts, the petitioner (surviving husband) may collect and abscond with the rents or may commit waste upon the property, and not being under bond like the executor, may fail to account for same if and when the property is determined

to be separate property of the wife, this is still not sufficient to vest the probate court with jurisdiction to determine the question of title. The superior court, in an appropriate action and upon appropriate allegations, has ample powers to protect the estate against such asserted dangers, and to determine the issue of whether the property is community or separate, upon the determination of which issue the right to possession must be based.

It follows necessarily from the foregoing that the probate court was without jurisdiction to make the order complained of and that the same should be and it is hereby annulled.

Nourse, P. J., and Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 1, 1951.