[S. F. No. 15022. In Bank.—April 16, 1935.]

JESSIE JOY McCRACKEN, Appellant, v. MARY GES-
FORD· LOTT, Defendant; E. W. WILSON, Guardian,
etc., et al., Respondents.

Thornton Wilson and Pillsbury, Madison & Sutro for Ap-
pellant.

Frank V. Kington for Respondents.

WASTE, C. J.— This appeal presents for considera-
tion the question: May the assets of a judgment debtor,
who has been judicially declared incompetent, be subjected
to execution and supplementary proceedings arising there-
from, based on a valid final judgment rendered prior to the
incompetency?

Plaintiff obtained a judgment against Mary Gesford Lott
for the sum of five thousand dollars, with interest and costs.
Execution issued against the property of the debtor, was
returned by the sheriff wholly unsatisfied, and remained
unpaid. On appropriate allegation, under proceedings sup-
plementary to execution, that the Wells Fargo Bank and
Union Trust Company was indebted to Mary Gesford Lott,
the bank was ordered to appear on a day and at a place
fixed to answer concerning the indebtedness. When the

matter came on for hearing, there was filed in the proceeding by the guardian of the estate of Mary Gesford Lott a paper entitled, "Claim of Exemption" from execution issued in the action "of all the property of the estate of Mary Gesford Lott, as now being in custody of law". Thereafter, the guardian moved the court for an order vacating the order of examination of the Wells Fargo Bank and Union Trust Company, alleging that after the entry of the judgment in question the judgment debtor had been adjudged to be an incompetent person; that still later, one Louisa J. Gesford died testate, leaving an estate in which the incompetent person was entitled to an interest; that the Wells Fargo Bank and Union Trust Company was the executor of the will of Louisa J. Gesford, and came and was then in possession of the property interest of the incompetent, Mary Gesford Lott, under the terms of the will and the decree of distribution made in the estate of the deceased. It was further alleged that by the decree of distribution the share of the incompetent was duly ordered paid to her guardian, who demanded of the executor the delivery of the money and property so distributed to him; that the levy of execution intervened before payment was made; hence the filing in this action of the claim of exemption of the property from execution upon the ground that it is in custody of law. The court granted the motion to vacate the order of examination, and the judgment creditor has appealed.

While some jurisdictions, notably Illinois, Massachusetts, Texas and Washington, permit judgments against incompetents under guardians to be enforced by execution, it is the rule accepted by the great preponderance of authority that the estate in the hands of a guardian is *in custodia legis*. Among the large number of states following this trend are New York, Michigan and Oregon. There is such similarity between the laws relating to guardianship in these states and the provisions of the California statutes that the decisions of the courts of those states are persuasive. In Michigan, the court held that the provisions in that state "are inconsistent with the view that the common law courts may enforce their judgments by' the ordinary process of execution". (*Nolan* v. *Garrison,* 156 Mich. 397 [120 N. W. 977, 979].) In Oregon, the court said: "the enforcement

of a judgment against the ward can be accomplished only through the county court, and not by process against either the ward's estate or the guardian''. (*Sturgis* v. *Sturgis*, 51 Or. 10 [93 Pac. 696, 700, 131 Am. St. Rep. 724, 15 L. R. A. (N. S.) 1034].) The rule is the same in New York. In *Grant* v. *Humbert*, 114 App. Div. 462 [100 N. Y. Supp. 44], the court held that the established practice with respect to the enforcement of claims against an incompetent person for whom a committee has been appointed is to present a petition to the court praying that the claim be allowed and paid, or, in the alternative, that leave be granted to sue thereon. To the same effect see *Dean* v. *Halliburton*, 213 App. Div. 831 [209 N. Y. Supp. 200], and *In re McInerney*, 135 Misc. 481 [238 N. Y. Supp. 336]. In *Loussac* v. *Jacobsen*, 7 Alaska, 598, it was held that property in the possession of the guardian of an insane person was in the custody of the law, and was not subject to levy under execution. (See, also, *Hale* v. *Duncan*, 1 Brayt. (Vt.) 132; Shinn on Attachment and Garnishment, vol. I, p. 73, sec. 46, note 2; 1 Freeman on Executions, sec. 131, note 436.) The citation of other authorities seems unnecessary. We are satisfied to follow the rule in this case so definitely established, and to hold that the estate of the incompetent, Mary Gesford Lott, for whom a guardian has been duly appointed, was in the custody of the law. It was therefore not liable to seizure without an order from the court having charge thereof. (*County of Yuba* v. *Adams & Co.*, 7 Cal. 35–37.)

The order vacating the order of examination is affirmed.

Curtis, J., Shenk, J., Thompson, J., Seawell, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.