[Civ. No. 16719.   Second Dist., Div. Two.   Nov. 18, 1948.]

ANTOINETTE LAING et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

J. Q. Gilchrist for Petitioners.

Gustave L. Goldstein for Respondent.

McCOMB, J.—Petitioners have applied for a writ of prohibition to prohibit the superior court from enforcing by execution an order made in a proceeding instituted under the provisions of sections 612[1] and 613[2] of the Probate Code.

## FACTS

1. December 1, 1945, John Earl Riggan died leaving surviving his sister, Florence Vesely, petitioner herein. At the time of his death decedent was the registered owner of a Ford automobile of the approximate value of $575, which automobile was in the possession of petitioner Vesely. Decedent left no other property or estate.

2. January 2, 1946, petitioner Vesely executed and filed with the Department of Motor Vehicles of the State of

---

[1]Section 612, Probate Code reads: ''§ 612. Penalty for embezzlement, etc., of decedent's property: [Remedy: Double liability to estate]. If any person embezzles, conceals, smuggles or fraudulently disposes of any property of a decedent, he is chargeable therewith, and liable to an action by the executor or administrator of the estate for double the value of the property, to be recovered for the benefit of the estate.''

[2]Section 613, Probate Code reads: ''§ 613. Procedure against embezzler, etc.: [Complaint: Citation: Examination: Expenses of party]. Upon complaint made under oath by an executor, administrator, or other person interested in the estate of a decedent, that any person is suspected of having embezzled, concealed, smuggled or fraudulently disposed of any property of the decedent, or has in his possession or has knowledge of any deed, conveyance, bond, contract or other writing, which contains evidence of or tends to disclose the right, title, interest or claim of the decedent to any real or personal property, or any claim or demand, or any lost will, the court or judge may cite the suspected person to appear before the court, and may examine him on oath upon the matter of such complaint. If such person is not in the county where letters issued, he may be cited and examined before the superior court either of the county where he is found, or of the county where letters issued. But if he appears and is found innocent, his necessary expenses must be allowed him out of the estate.''

California an affidavit pursuant to the provisions of section 185[3] of the Vehicle Code of the State of California, whereupon the Department of Motor Vehicles transferred the ownership of the aforementioned Ford to petitioner Vesely. Immediately thereafter said petitioner sold the automobile to petitioner Laing.

3. February 5, 1946, Jeanne E. Riggan was appointed administratrix of the estate of decedent.

4. June 27, 1946, the administratrix of decedent's estate filed a petition in the probate court requesting that a citation issue to petitioners to appear and be examined under the provisions of sections 612 and 613 of the Probate Code. A petition was issued as prayed and petitioners were examined on July 30, 1946, relative to the above mentioned automobile. At the conclusion of the hearing, the judge of the probate court entered a judgment decreeing that petitioners deliver said automobile to the administratrix and if it could not be delivered that she recover from petitioners the sum of $575.

5. October 9, 1947, the Sheriff of Los Angeles County, pursuant to an alias writ of execution theretofore issued by the clerk of the superior court for the enforcement of said judgment, levied on all of the interest of petitioner Laing in the estate of Jack Lewis Forsmit then being administered in the probate department of the Los Angeles County Superior Court.

6. July 15, 1948, the probate court made an order in the estate of Jack Lewis Forsmit directing the administrator of such estate by virtue of the above mentioned writ of execution to distribute to the Sheriff of Los Angeles County all of the property and interest of petitioner Laing in said estate.

## QUESTION

Did the probate court have jurisdiction in the proceedings instituted pursuant to the provisions of sections 612

[3]Section 185, Vehicle Code reads: ''Transfer without Probate. Upon the death of an owner or legal owner of one or more vehicles registered hereunder and not exceeding a total value of one thousand dollars without such decedent's leaving other property necessitating probate, the surviving husband or wife or other heir in the order named in section 630 of the Probate Code, unless such vehicle or vehicles is by will otherwise bequeathed, may secure a transfer of registration of the title or interest of the deceased upon presenting to the department the appropriate certificate of ownership and registration card, if available, and an affidavit of such person setting forth the fact of such survivorship or heirship and the names and addresses of any other heirs, and, if required by the department, a certificate of the death of the deceased. The department when satisfied of the genuineness and regularity of such transfer shall transfer the registration accordingly.''

644

*and 613 of the Probate Code to determine as between the conflicting claimants title to the Ford automobile registered in the name of decedent Riggan?*

This question must be answered in the negative. It is the general rule that the probate court does not have jurisdiction to try title to property where it is claimed adversely by a stranger to the probate proceedings. (*Stratton* v. *Superior Court,* 87 Cal.App.2d 809 [197 P.2d 821]; *McCarthy* v. *Superior Court,* 64 Cal.App.2d 468, 472 [149 P.2d 55]; *Koerber* v. *Superior Court,* 57 Cal.App. 31, 34 [206 P. 496].)

The foregoing rule is applicable to the facts of the instant case. Petitioners were strangers to the probate proceedings and therefore the probate court was without jurisdiction to determine the conflicting claims of the adverse parties to the automobile in question.

■ Since the order of the probate court was beyond its jurisdiction it was void and a writ of prohibition is an appropriate remedy to prohibit the enforcement of the order of execution to collect the money judgment.

*Heydenfeldt* v. *Superior Court,* 117 Cal. 348 [49 P. 210] and *Estate of DeBarry,* 43 Cal.App.2d 715 [111 P.2d 728] (Cf., *McCarthy* v. *Superior Court, supra*), relied on by respondent, are not here applicable for the reason that each case is factually distinct from the present case. In the case first mentioned the court merely held that where a decree of distribution was reversed upon appeal the probate court had inherent power to order the distributees to return to the executors property which had been improperly delivered to them. In the second case counsel directs our attention to the statement on page 725 which merely holds that the probate court had jurisdiction to pass upon the question of the allowance of extraordinary attorney's fees for services rendered to an estate. Clearly neither case has any application to the present situation.

Let the premptory writ of prohibition issue as prayed.

Moore, P. J., and Wilson, J., concurred.