269 P.2d 664]

[Civ. No. 16111.   First Dist., Div. One.   Apr. 30, 1954.]

GLADYCE C. MEROLA, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; LORNE STANLEY, as Executor, etc., Real Party in Interest.

(1)

2

Lucille F. Athearn and Robert E. Hatch for Petitioner.

No appearance for Respondent.

Edgar C. Levey and Douglas A. Pease for Real Party in Interest.

WOOD (Fred B.), J.—In a proceeding under sections 613-615 of the Probate Code, brought by the executor of the will of Gaetano Merola for examination of the widow, Gladyce C. Merola, concerning property of the estate allegedly in her possession, the court sitting in probate made an order (1) directing that the widow forthwith deliver to the executor cash in the sum of $4,000 and bonds of the face value of $16,000, found and declared to be the property of the estate, and (2) enjoining the widow, the executor, and the Hibernia Savings and Loan Society from withdrawing moneys from or in any way changing the status quo of a certain savings account.

Later, upon the hearing of a motion by the widow to vacate this order, the court amended the order by deletion of the finding that the cash and the bonds belonged to the estate and by addition of a statement that "nothing herein shall be deemed prejudicial to the rights" of the widow "to determine the question of title to said property in an appropriate action."

The widow then instituted this proceeding to review the order, claiming it void for asserted lack of jurisdiction to make it. Save as to three $1,000 bonds standing in the sole name of the decedent, which the widow admits belong to the estate and alleges have been delivered to the executor, the order is void. Except as to those three bonds, the order should be annulled.

The rest of the bonds, the cash, and the savings account she claimed at the hearing, and still claims, as her sole property.

Two $1,000 government bonds stood in the name of the decedent and the widow ("Gaetano Merola or Mrs. Gladyce Merola"), which she claims were held in joint tenancy and upon his death became her sole property. Seven bonds payable to bearer, of the total face value of $11,000, she claimed he gave her in his lifetime and that they have been in her possession ever since. The $4,000 cash item consisted of a deposit of that amount in her name in the Bank of America, which she testified represented a withdrawal in that amount from a joint account of theirs in another bank, a withdrawal which she made at his suggestion, prompted by his desire that it be and become her sole property. The savings account with the Hibernia Savings and Loan Society stood in the names "Gaetano Merola or Gladyce C. Merola." She claims it was held in joint tenancy and that she, as survivor, is now its sole owner.

A proceeding such as this, under authority of sections 613-615 of the Probate Code, is for the purpose of discovery. It pertains to a person "suspected of having embezzled, concealed, smuggled or fraudulently disposed of any property of the decedent" or who allegedly "has in his possession or has knowledge of any deed, bond, contract or other writing, which contains evidence of or tends to disclose the right, title, interest or claim of the decedent to any real or personal property, or any claim or demand, or any lost will." The court may cite such a person "and may examine him on oath upon the matter of such complaint." (§ 613.) If upon the examination it appears that he has done any of the things of which he is suspected or has knowledge of any of the papers or documents mentioned in section 613 the court "may make an order requiring him to disclose his knowledge thereof." (§ 614.) Also, upon complaint of an executor, the court may cite a person "who has been entrusted with any part

of the estate . . . and require him to render a full account, on oath, of any moneys, accounts, or other property or papers belonging to the estate, which have come to his possession, and of his proceedings thereon." (§ 615.)

In this case, the widow appeared in court as required, took the witness stand, answered all questions, and through her attorney supplied the executor's attorney with a list of assets that had come into her hands and exhibited those assets to him. Thus, she appears to have fully complied with the requirements of sections 613-615 of the Probate Code.

We perceive no basis for the questioned order except as it relates to the bonds which the widow concedes belong to the estate.

The basic principle is that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and a stranger to the estate. (*Bauer* v. *Bauer*, 201 Cal. 267, 271 [256 P. 820]; *Guardianship of Vucinich*, 3 Cal.2d 235, 243 [44 P.2d 567]; *Wilkerson* v. *Seib*, 20 Cal.2d 556, 562-563 [127 P.2d 904]; *Estate of Kurt*, 83 Cal.App.2d 681, 683-684 [189 P.2d 528]; *Laing* v. *Superior Court*, 88 Cal.App.2d 641 [199 P.2d 373]; *Wilson* v. *Superior Court*, 101 Cal.App.2d 592 [225 P.2d 1002].)

Here the contest is clearly between the executor and a stranger to the estate. The widow claims that the property involved is her sole property; i.e., that some of it was given to her by the decedent during his lifetime and that the rest of it upon his death became her sole property as the surviving joint tenant. She claims adversely to the estate, not in privity with it, and is not a personal representative of the estate claiming title in her individual capacity. The contest, therefore, is between the estate and a stranger to the estate, and the principle that the probate court may not try title applies.

The provisions of sections 613-615 of the Probate Code create no exception to that principle.     The power which they grant to the probate court "ends with the discovery of the property and the enforcement of the remedial powers of the statute, and does not extend beyond that; and that where a dispute arises between the person cited and the representative of the estate as to the title to property, or the amount claimed to be due as the result of the accounting, the probate court cannot in such proceeding determine the issue, nor order property delivered up to the executor or

administrator, or to be deposited as the court may order; nor under such circumstances does it have the power to imprison the person for contempt for failure to obey any order so made.'' (*McCarthy* v. *Superior Court*, 64 Cal.App.2d 468, 472 [149 P.2d 55]. See also cases there cited.)

The executor, in his memorandum first filed herein, claimed that the order in question was based upon and supported by a stipulation of the executor and the widow. In a supplemental memorandum later filed the executor says, ''We do not contend that a specific stipulation was entered into by the parties for the delivery of specific assets to the executor,'' but that the widow ''stipulated as to the character of the specific assets in respect to their status as either separate or community property,'' and ''the proceedings taken were in direct response to the direction and request of the court that the parties disclose all properties to one another and agree insofar as possible as to what belonged in the estate and what was the separate property of petitioner.'' It clearly appears from the record that there was no stipulation. During the course of the hearing the widow repeatedly asserted her claim of ownership to all the property listed except the three bonds which she conceded belonged to the estate and which in her petition herein she alleges have since been delivered to the executor. In the absence of a stipulation it is unnecessary to consider whether a stipulation could furnish a jurisdictional basis for such an order.

The order is annulled, except as to the three bonds which petitioner concedes belong to the estate and as to those bonds it is affirmed; petitioner to recover costs, which are assessed against Lorne Stanley, as executor, the real party in interest.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied May 28, 1954, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 23, 1954.