[Civ. No. 9893. Third Dist. June 12, 1961.]

Estate of ROSA SCARLATA, Deceased. JOHN SCARLATA et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Respondent.

Wadsworth & Souza, John M. Burnett, James M. Conners and Vernon D. Stokes for Appellants.

Mazzera, Snyder & DeMartini for Respondent.

VAN DYKE, P. J.—Rosa Scarlata, deceased, survived her husband, Luigi. Rosa and Luigi, during the existence of their marriage, had acquired real and personal property as joint tenants with right of survivorship and the title to the property so stood of record at the time of Luigi's death. This property was all inventoried in the estate of Rosa as her separate property. During probate Rosa's executor filed a petition for instructions pursuant to section 588 of the Probate Code. The executor alleged that the estate of Luigi was in course of probate and that it was the executor of Luigi's will; that during marriage Rosa and Luigi had acquired, under the management of Luigi and through joint earnings and efforts of the two, real and personal property described in the respective inventories of the two estates; that petitioner believed that all of the real property, although held in the form of joint tenancy, was in reality intended by the two decedents to be community property; that Luigi had died leaving community debts which his estate was unable to pay from its own resources; that the estate of Rosa had the majority of the property which the two had accumulated and that resort ought to be made to the property of both estates for the payment of all the community debts; that some, but not all, claims of community creditors had been filed against Rosa's estate; that the petitioner was unable to safely determine whether it must limit the payment of claims for community debts solely to the assets of the estate in which the claims were presented, or whether it could make the assets of both estates available for the payment of all community creditors. Petitioner asked for instructions that it might treat all claims, whether presented in one or both of the estates as if they were community obligations of the husband and the wife for which the assets of both estates would be liable and for an order marshalling the assets of both

estates for that purpose. It is apparent that by its petition Rosa's executor was requesting the court to adjudicate that the property which had been held in joint tenancy was in reality property that was community in character and belonged in the estate of Luigi and that the estate of Rosa had no title thereto. Notice of the pendency of the petition for instructions was given by posting as required by statute. No one appeared in opposition and the court, responsive to the petition, found that all of the allegations of the petition were true; that the property held in joint tenancy was in fact community property; that it had all been acquired under the management of Luigi and through the joint efforts of Luigi and Rosa; that the two had intended it to be community property, notwithstanding it was held in joint tenancy; that during their lifetime the two had operated a cannery for the canning of olives and other products and an olive oil plant; that during the operation of the business credit had been extended continuously for many years by various firms and individuals, which credit had been essential in order that the operation of the business might continue; that the extension and use of such credit greatly enhanced the extent and value of the community property of husband and wife and that at the time of the death of said decedents there were numerous and outstanding debts incurred by Luigi in connection with the operation of the business; that some of the creditors of Luigi had filed in his estate, some had filed in the estate of Rosa and some had filed in both; that the estate of Rosa had the majority of the funds and property, while the estate of Luigi had little that would be available for the payment of general unsecured creditors; that under the circumstances resort should be had for the payment of debts to the properties of both estates on a parity, to the end that each general creditor, whether having presented a claim in one or the other, or both estates, should receive equal and similar treatment in the payment of general claims; that the executor should not limit the payment of claims solely to the assets of the estate in which the claims had been presented, but ought to and should marshal, utilize and make available all the assets of both estates for the payment of all the general creditors regardless of which estate they had filed their claims against. It was ordered that such marshalling of assets and payments of claims be carried out by the common executor.

Apparently no such marshalling of assets and payments out of the funds of both estates was actually accomplished

and after a time Rosa's executor, respondent herein, presented its third account and report. In connection therewith the executor filed a second petition for instructions, in nature the same as the first, but reciting the previous proceeding for instructions. Again it was asked that the jointly held property be declared to be community and that the assets of both estates be marshalled and used for the payment of all community claims whether filed in one or the other, or in both estates. This time appellants appeared and objected to the account and to the proposed instructions for the marshalling of assets. They took the position that the property inventoried in Rosa's estate which came to her as surviving joint tenant had been her separate property and could not be used to pay the claims of the creditors of Luigi's estate which had not been filed and allowed in the estate of Rosa. After hearing, the court made its order settling the third account and report of the executor. As to the payment of claims the court again ordered that, whether filed in one or the other of the two estates or whether filed in both, the claims were the community obligations of Luigi and Rosa; that the assets of the estate of Rosa constituted community property of herself and Luigi; that the assets of both estates should be marshalled, utilized and made available for the payment of such community debts, irrespective of whether the claimants had filed in one estate or the other, or in both; that for the payment of the claims resort should be had in favor of the creditors of both estates, on a parity, to the end that general creditors having presented and filed claims in either of the estates should receive equal and similar treatment insofar as payment of such claims were concerned.

From these orders the appeals herein were taken.

Appellants contend that the orders decreeing that property coming to Rosa as surviving joint tenant was in reality community property of herself and her predeceased husband are void for want of jurisdiction in the superior court sitting in the exercise of its probate powers. Appellants further contend that the orders directing the marshalling of the assets of the estate of Rosa with those of the estate of Luigi and directing the application of the assets of Rosa's estate to the payment of creditors' claims not filed and approved in her estate are likewise void for want of jurisdiction. Respondent executor contends that the superior court sitting in probate did have jurisdiction to make the orders and that the orders made in response to the first petition for instruction are res judicata.

The contentions of appellants must be upheld. The provisions of section 588 of the Probate Code providing for instructions to a personal representative upon his petition therefor is not a statute which enlarges the jurisdiction of the court sitting in probate. That jurisdiction is fixed and limited by other statutes. It was not intended by the Legislature that, under the guise of petitioning for instructions, a personal representative can obtain adjudications in probate on matters not within the general jurisdiction of the probate court as fixed and limited by statutes directed to that subject.

"Proceedings for the administration of the estates of deceased persons, and for their distribution to those who may be entitled thereto, including the determination of the heirs of the decedent, are purely statutory. The superior court, while sitting as a court of probate, has only such powers as are given it by the statute, and such incidental powers as pertain to all courts for the purpose of enabling them to exercise the jurisdiction which is conferred upon them. Although it is a court of general jurisdiction, yet in the exercise of these powers its jurisdiction is limited and special, and whenever its acts are shown to have been in excess of the power conferred upon it, or without the limits of this special jurisdiction, such acts are nugatory, and have no binding effect, even upon those who have invoked its authority or submitted to its decision." (*Smith* v. *Westerfield,* 88 Cal. 374, 378 [26 P. 206], cited with approval in *Estate of Wise,* 34 Cal.2d 376, 381 [210 P.2d 497].)

Said the Supreme Court in the *Estate of Wise, supra,* at page 381: " 'Probate proceedings being purely statutory, and therefore special in their nature, the superior court, although a court of general jurisdiction, is circumscribed in this class of proceedings by the provisions of the statute conferring such jurisdiction, and may not competently proceed in a manner essentially different from that provided.' "

The record before us, in the proceeding for instructions, reveals that Rosa had survived Luigi and that for that reason there was inventoried in her estate the property coming to her as such survivor; and that an adjudication was being sought by her executor that she had, by survivorship, obtained no title thereto. This all appears in the judgment roll. Section 588 of the Probate Code confers no jurisdiction on the probate court. It provides merely a means of invoking the existing jurisdiction where no other statutory proceeding is provided for that purpose. Respondent relies on *Estate of*

*Howe*, 31 Cal.2d 395 [189 P.2d 5], as authority for the proceedings herein taken. The case is easily distinguishable. In *Estate of Howe* the executor had filed a petition for instructions, asking for a determination of title to property in issue between himself individually and the estate of which he was the personal representative. The probate court, therefore, had jurisdiction of the issue. The Supreme Court said, at page 397 : ''The probate court, therefore, had jurisdiction to entertain the petition of Netz [the executor] and to determine the issues presented by it and the objections of the widow filed in response thereto.''

Here, if the executor of Luigi's estate had laid claim to the property inventoried in the estate of Rosa, claiming that, contrary to the record title, it was in fact community property and belonged in the administration of Luigi's estate, it is obvious that the probate court would have had no jurisdiction to determine the issue. The superior court sitting in probate has no jurisdiction to determine the controversies between the representative of the estate and a stranger. (*Merola* v. *Superior Court*, 125 Cal.App.2d 1, 4 [269 P.2d 664].)

Respondent argues that there was no controversy involved in its proceedings for instructions in Rosa's estate; that a controversy requires opposing parties; that it was not opposing anyone because no one appeared in opposition to its efforts to strip the estate of Rosa of most of its assets. These conditions did not give jurisdiction to the probate court. It is not the function of the probate jurisdiction to pass upon title, save in the few familiar exceptional situations where to exercise its probate jurisdiction it must do so. Speaking generally, such considerations are foreign to the probate jurisdiction, the purpose of which is to gather and preserve the property, pay the debts of decedent that are proved and allowed, and distribute to those entitled thereto such title as decedent had. (20 Cal.Jur.2d § 9, p. 33.)

Turning now to the matter of the court's ordering property in the estate of Rosa to be marshalled, along with that in the estate of Luigi, the whole to be devoted to the parity payment of creditors of both estates, the order is not one which the probate court had jurisdiction to make. Specific statutory proceedings are set up for determining what claims shall be paid out of the assets of an estate in the hands of the personal representative and the power of the probate court to apply assets of an estate to creditors' claims is limited to those claims which have been proved and allowed in the

estate proceedings in accordance with the statutes. The court sitting in probate does not exercise its general equity jurisdiction.  ▮ "The probate court has no general equity jurisdiction." (20 Cal.Jur.2d, Executors and Administrators, § 25, p. 53.) "There is a fundamental distinction between the law and equity jurisdiction of the superior court and its probate jurisdiction. The latter is a strictly limited one." (*Estate of McLellan*, 8 Cal.2d 49, 55 [63 P.2d 1120].)

▮ It may be just and equitable that creditors who had extended credit to Luigi during his lifetime, while he was managing the business of the marital community, should be able to follow the property, on the faith of which they extended credit, into the hands of Rosa's executor, but it is not for the court sitting in probate to make such a determination. Such matters belong to the general equity jurisdiction of the superior court.

The orders appealed from are reversed insofar as they purport to determine title between the estate of Rosa and the estate of Luigi and to order the marshalling of the property of both estates for the purpose of paying general creditors.

Peek, J., and Schottky, J., concurred.