[Civ. No. 1328. Fifth Dist. July 22, 1970.]

ROBERT STEVENSON, as Conservator, etc., Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
MEDICAL CENTER CONVALESCENT HOSPITAL,
Real Party in Interest.

## COUNSEL

Robert Stevenson, in pro. per., for Petitioner.

No appearance for Respondent.

Theodore Berry and Stanley Anthony Shulster for Real Party in Interest.

## OPINION

**STONE, P. J.**—Petitioner, conservator of the person and estate of Irene Stevenson, by his petition for a writ of prohibition, seeks an order prohibiting the respondent superior court, sitting as a probate court, from adjudicating the validity of a disputed debt allegedly incurred by the conservatee prior to the conservatorship.

On September 26, 1969, Medical Center Convalescent Hospital, the real party in interest, filed in the conservatorship proceedings a petition seeking an order directing the conservator to pay a debt in the sum of $2,000.60 claimed to have been incurred by the conservatee for hospital care prior to the appointment of a conservator. Petitioner denied the alleged debt, and denied that real party in interest is a creditor of the conservatee; he also objected to any adjudication of the issue by the probate court on the ground that it lacked jurisdiction to hear a contested action to determine the validity of the alleged indebtedness. The court denied petitioner's objection, raised by way of motion, and proceeded to try the issue. After partial hearing, the matter was continued. The petition before us was filed, and further proceedings were stayed.

■ The dispositive question is whether a probate court has jurisdiction to determine the validity of an indebtedness when a conservator rejects a creditor's claim. It is the rule in probate, of course, that where a claim is rejected in whole or in part by an executor or an administrator, the validity of the claim must be adjudicated in a court of law before it is presented to the probate court for further proceedings. (*Estate of Bette,* 171 Cal. 583, 587 [153 P. 949]; *Estate of Wise,* 34 Cal.2d 376, 381 [210 P.2d 497]; *Estate of Boyd,* 212 Cal.App.2d 634, 637-638 [28 Cal.Rptr. 258].) As there is little, if any, basic difference between guardianships and conservatorships in California (3 Condee, Cal. Probate Court Practice, Conservatorship, § 2302, pp. 346-347), it would seem to follow that rejected claims in a conservatorship must be established by an action at law.

Real party in interest contends that since a direct action to recover the cost for care of an incompetent person may be brought in the name of the Department of Mental Hygiene directly against the guardian or other responsible person, under Welfare and Institutions Code section 7282 (formerly § 6658), a private institution also may be vested with the same right by statute. Real party in interest finds such authority in the language of Probate Code sections 1858 and 1859.

Section 1858 provides that the conservator shall pay from any principal and income of the estate of the conservatee any debts incurred by the conservatee before creation of the conservatorship, with the exception that

"ability to continue to provide the conservatee with the necessaries of life, out of the estate, shall not be impaired." The conservator "may petition the court for instructions when there is doubt whether a debt should be paid under the foregoing rules."

Section 1859 reads as follows: "Whenever a conservator fails, neglects or refuses to furnish suitable support and maintenance for the conservatee; and also, whenever a conservator fails, neglects or refuses to pay a debt, expense or charge lawfully due and payable by the conservatee or by the conservatorship, the court after notice of hearing as provided in Section 1200 of this code, and hearing, may, upon the petition of the creditor, the conservatee or of any person interested in the estate, or upon its own motion, order the conservator to do so from the estate of the conservatee."

We do not read these two sections as vesting authority in the probate court to adjudicate the lawfulness of a claim in a conservatorship proceeding. Section 1859 specifically refers to debts that are "lawfully due and payable." In *Estate of Scarlata,* 193 Cal.App.2d 35 [14 Cal.Rptr. 184], the probate court directed an executor to pay claims of certain creditors. The appellate court reversed the order, saying: "The provisions of section 588 of the Probate Code providing for instructions to a personal representative upon his petition therefor is not a statute which enlarges the jurisdiction of the court sitting in probate. That jurisdiction is fixed and limited by other statutes. It was not intended by the Legislature that, under the guise of petitioning for instructions, a personal representative can obtain adjudications in probate on matters not within the general jurisdiction of the probate court as fixed and limited by statutes directed to that subject." (P. 39.)

We conclude that section 1859 must be construed in the light of the principles enunciated in *Estate of Scarlata, supra,* namely, that a creditor is authorized to petition the probate court for an order directing the conservator to pay a rejected claim based upon a debt, expense or charge, only if the claim has been *lawfully* established to be due and payable. To hold otherwise would deprive a conservatee of the constitutional right to trial by jury in a common law action upon a debt. (Cal. Const., art. I, § 7.)

Real party in interest raises the question why section 1859 provides that a creditor of a conservatee may petition the court for payment of a debt if the section does not mean that the court can make the initial determination of whether the claim is lawfully due and payable. One answer is that the statute provides a creditor a means of enforcing payment where a conservator arbitrarily refuses to pay a claim based upon a lawfully established debt. In California a judgment against an incompetent person under guardianship may not be enforced by execution because an

estate in the hands of a guardian is *in custodia legis* and "not liable to seizure without an order from the court having charge thereof." (*McCracken v. Lott,* 3 Cal.2d 164 [44 P.2d 355].) In 3 Condee, California Probate Court Practice, *supra,* section 2302, page 346, the *McCracken* rule is summarized, with the comment that: "This provision for an application by a creditor in the conservatorship law indicates the draftsmen had this theory in mind." ▮ In other words, sections 1858 and 1859 provide a means for obtaining a court order for the payment of a legally established claim that cannot be enforced by direct levy of execution.

▮ Another purpose of these sections is to permit court review of claims a conservator refuses to pay because he believes payment would impair his "ability to continue to provide the conservatee with the necessaries of life, out of the estate." (§ 1858.)

Finally, real party in interest's interpretation of sections 1858 and 1859 would invest the probate court with general jurisdiction to hear and determine not only claims based upon the common counts, but also claims arising from contracts, leases, notes and even torts. It is patent the Legislature did not intend such a result. Moreover, it would be anomalous to restrict such jurisdiction to conservatorship proceedings in the probate court and exclude guardianship and estate proceedings.

Writ granted.

Gargano, J., concurred.