Filed 3/10/26  Conservatorship of Krueger CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Conservatorship of ELIZABETH KRUEGER. | |
| AARON F. GARCIA, | E084601 |
| Petitioner and Respondent, | (Super.Ct.No. PRIN2200974) |
| v. | OPINION |
| CRAIG KRUEGER, | |
| Objector and Appellant. | |

APPEAL from the Superior Court of Riverside County.  R. M. Velasquez, Judge. Reversed with directions.

Craig Krueger, in pro. per., for Objector and Appellant.

Law Offices of Aaron F. Garcia and Aaron F. Garcia, in pro. per., for Petitioner and Respondent.

1

## I. INTRODUCTION

Objector and appellant Craig Krueger is the son of Elizabeth Krueger.[1] At some point, a conservatorship was established for Elizabeth, and petitioner and respondent Aaron F. Garcia was subsequently appointed as independent counsel for Elizabeth pursuant to Probate Code[2] section 1471, subdivision (c). In November 2023, Garcia filed a petition requesting an allowance of attorney's fees, seeking compensation for work performed in the conservatorship proceedings, a separate civil proceeding (*Simkins* case), and a purportedly unfiled case Elizabeth sought to pursue to invalidate provisions of her inter vivos trust. Multiple parties including Elizabeth's conservator, Elizbeth's guardian ad litem, and Craig all filed written objections to Garcia's request. After conducting a hearing on the matter, the trial court partially granted Garcia's requested allowance, including compensation for Garcia's purported work in the *Simkins* case.

Craig appeals, asserting multiple claims of error. We need not discuss the merits of each claim in detail because we agree with Craig that the probate court abused its discretion by awarding compensation to Garcia for work performed in a separate civil proceeding. As we explain, such an award was not authorized by statute for counsel appointed to represent a conservatee pursuant to section 1471 and, even if Garcia may be entitled to compensation for this work based on some alternative theory of recovery, the probate court could not adjudicate such a claim based upon the petition filed by Garcia.

---

[1] Because multiple parties share the same surname, we will refer to Craig Krueger and Elizabeth Krueger by their first names for clarity. No disrespect is intended.

[2] Undesignated statutory references are to the Probate Code.

As such, we reverse the order and remand the matter for further proceedings.

## II.  BACKGROUND

In July 2022, a petition was filed to establish a conservatorship for the person and estate of Elizabeth.[3]  Shortly after the filing of the petition, the probate court appointed independent counsel to represent Elizabeth in the conservatorship proceedings.  In October 2022, the probate court held a hearing on the petition, issued an order appointing a temporary conservator for Elizabeth, and continued the hearing for purposes of determining whether appointment of a general conservator was warranted.

In January 2023, Elizabeth purportedly met with Garcia and retained him to perform work in her conservatorship matter, as well as a related civil litigation in which Elizabeth had been named as a defendant (*Simkins* case).  Garcia received $25,000 from Elizabeth as a retainer.  On January 31, 2023, Garcia filed a declaration with the probate court requesting to be appointed as independent counsel for Elizabeth in the conservatorship proceedings pursuant to section 1471, subdivision (d).  On July 12, 2023, a substitution of attorney was filed in the conservatorship proceeding bearing Elizabeth's signature and requesting that Garcia be appointed as her counsel.  On July 20, 2023, the probate court issued an order appointing Garcia as independent counsel for Elizabeth pursuant to section 1471, subdivision (c).

In November 2023, Garcia filed a "petition for attorney's fees."  The petition consisted solely of a verified declaration stating that Garcia had been initially retained by

---

[3]  The appellate record does not disclose the allegations of the petition or Elizabeth's relationship with the person who filed the initial petition.

3

Elizabeth in January 2023 and requesting an award of attorney's fees for work performed on three separate cases: (1) the pending conservatorship proceeding before the probate court, (2) the *Simkins* Case, and (3) an unfiled case that Elizbeth intended to bring to invalidate her trust. Garcia attached three separate sets of billing statements corresponding to each of the cases in which he sought compensation. The petition was not accompanied by a memorandum or any other explanation regarding the legal basis upon which Garcia claimed the right to compensation.[4] In response to the petition, separate objections were filed by: (1) Craig, (2) Elizabeth's conservator, (3) Elizabeth's court-appointed guardian ad litem, and (4) the co-trustee of Elizabeth's living trust.[5] Craig specifically objected on the ground that Garcia's expansion of services into matters unrelated to the conservatorship proceeding were improper and should not be compensated.

---

[4] The caption of Garcia's petition briefly referenced section 2642. However, this reference was clearly in error, as section 2642 pertains only to attorneys who render legal services to a *conservator* (§ 2642, subd. (a)), and Garcia did not claim to have been retained or to have performed work on behalf of Elizabeth's conservator.

[5] While the written objection filed with the probate court did not identify the status of this last objector, subsequent documents in the appellate record identify this objector as a person named as a co-trustee of Elizabeth's inter vivos trust.

4

In May 2024, Garcia filed a "response to order to show cause regarding petition for attorney's fees."[6]  In this response, Garcia asserted his status as appointed independent counsel pursuant to section 1471 as the only basis for his claim for compensation.  In response, Craig filed additional objections to Garcia's assertion of a right to compensation as Elizabeth's independent counsel.  On June 26, 2024, Garcia filed a "supplemental response" in which he asserted for the first time that his right to compensation should be granted on a quasi-contract theory.  Craig again filed an objection to this supplemental response.

On July 3, 2024, the probate court held a hearing on Garcia's petition.  Craig was the only party who presented oral argument to the probate court, including Craig's assertion that any work done in the *Simkins* case could not be compensated.  At the conclusion of the hearing, the probate court (1) granted Garcia's requested compensation for work performed in the conservatorship case; (2) granted Garcia's requested compensation for work performed in the *Simkins* case but reduced the specific amount of fees requested; and (3) denied Garcia's requested compensation for work performed in an unfiled case that would have sought to invalidate Elizabeth's trust.  In reaching this decision, the probate court addressed several of Craig's arguments but did not offer an explanation for granting Garcia an award of compensation in the *Simkins* case.

Craig appeals from the order granting Garcia's petition for compensation.

## III. DISCUSSION

### A. *Craig Has Appellate Standing*

As an initial matter, we address Garcia's assertion that the appeal should be dismissed due to Craig's lack of standing. According to Garcia, Craig has no standing because the only party potentially injured by an erroneous award of compensation is Elizabeth. We conclude that Craig has standing to challenge the order subject of this appeal.

"The right to appeal is purely statutory. [Citations.] Code of Civil Procedure section 902 defines 'Who May Appeal' from a judgment. [Citation.] The statute provides ' "Any party *aggrieved*" may appeal from an adverse judgment. [Citation.] The test is twofold—one must be *both a party of record to the action and aggrieved* to have standing to appeal.' " (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67 (*Gregory D.*).) The rule is jurisdictional and cannot be waived. (*Ibid.*) For the purpose of determining appellate standing, "[a]n aggrieved person . . . is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236.)

Here, it is undisputed that Craig is a party to the action.[7] Thus, the only question as to Craig's standing to pursue this appeal is whether Craig is "aggrieved" by the order

---

[7] Generally, relatives of a proposed conservatee or "interested persons" are entitled to participate in conservatorship proceedings. (§§ 1820, 1829; *Conservatorship of Anne S.* (2025) 112 Cal.App.5th 1021, 1027.) The definition of "interested person" for

*[footnote continued on next page]*

awarding Garcia compensation. The record shows that Elizabeth's estate is managed pursuant to an inter vivos trust, which provides that Craig stands to inherit a portion of the remainder of the estate upon Elizabeth's passing. At least in situations in which a person's expectation of an inheritance is not purely speculative,[8] courts have recognized that an order diminishing the prospective inheritance is sufficient injury to render that person aggrieved for purposes of appellate standing. (See *Conservatorship of Hart* (1991) 228 Cal.App.3d 1244, 1251, fn. 1 [diminution of expected inheritance of named beneficiary in a will sufficient to confer appellate standing]; *Estate of Bartsch* (2011) 193 Cal.App.4th 885, 890-891 [potential heir had appellate standing to challenge award of attorney fees where the award might diminish the estate, despite the fact that heir's right to inherit remained unresolved].)[9] Because "standing to appeal is construed

---

these purposes includes an "heir, devisee, child, . . . , beneficiary, and any other person having a property right in or claim against a trust estate . . . which may be affected by the proceeding." (§ 48, subd. (a)(1).) While the record does not include the initial petitions or manner in which Craig became a party to this action, documents in the appellate record indicate that Craig is a named beneficiary who stands to inherit from Elizabeth's trust. Thus, Craig has a right to participate as a party in the conservatorship proceedings involving Elizabeth both because he is a relative and because he is a beneficiary of Elizabeth's trust.

[8] We also observe that California recognizes the tort of intentional interference with expectation of inheritance so long as the expected inheritance is not too speculative. (*Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1049-1057; *Gomez v. Smith* (2020) 54 Cal.App.5th 1016, 1030-1031.) Clearly, if the diminution of an expected inheritance constitutes a sufficient injury to support a cause of action in tort, the same alleged injury is sufficient to show a party is aggrieved for purposes of appellate standing.

[9] This does not mean that a financial interest in the conservatee's estate is sufficient to confer appellate standing to challenge any order in the proceedings. For example, an interested party has no appellate standing to appeal orders that only impact

*[footnote continued on next page]*

7

liberally, and doubts are resolved in its favor" (*In re K.C.*, *supra*, 52 Cal.4th at p. 236), we are satisfied that Craig has shown he is sufficiently aggrieved by the order awarding Garcia compensation because it effectively diminishes the estate from which Craig stands to inherit. Thus, we conclude Craig has standing to challenge the order on appeal.

## B. *The Probate Court's Order Was an Abuse of Discretion*

On appeal, Craig asserts various arguments regarding the propriety of the probate court's order awarding compensation to Garcia. We need not address each of Craig's arguments in detail because we agree with Craig that the probate court could not award Garcia compensation for work performed in a related civil proceeding based upon the petition submitted by Garcia in this case. As a result, the probate court abused its discretion; and the order must be reversed and remanded for the probate court to consider what amount of fees should be properly awarded to Garcia.

### 1. General Legal Principles and Standard of Review

Generally, the appointment of a conservator of an estate constitutes an adjudication that the conservatee lacks legal capacity to enter into transactions (§ 1870), effectively prohibiting a conservatee from entering into a contract for services to obtain legal representation. (See *Conservatorship of Chilton* (1970) 8 Cal.App.3d 34, 40.) Instead, the conservator has the authority to commence and maintain actions and proceedings for the benefit of the conservatee or estate as well as the authority to retain

---

the procedural or personal rights of a conservatee. (*Gregory D.*, *supra*, 214 Cal.App.4th at p. 68; see *Estate of Kempton* (2023) 91 Cal.App.5th 189, 201-203 [interested party "aggrieved by asserted error on one narrow, discrete issue may not appeal on other issues that only affect the interests of a nonappealing third party"].)

legal counsel to advise and represent the conservator in such matters. (§§ 2462, subd. (a), 2451.5, subd. (c).) Historically, these general conservatorship principles meant that a conservatee was only entitled to independent counsel in limited circumstances, such as when the conservator pursues an action that might significantly impact the conservatee's fundamental rights. (*Michelle K. v. Superior Court* (2013) 221 Cal.App.4th 409, 445; *Wendland v. Superior Court* (1996) 49 Cal.App.4th 44, 46-48.)

However, in 2021, the Legislature amended the Probate Code to include the following provision: "If a conservatee . . . expresses a preference for a particular attorney to represent them, the court shall allow representation by the preferred attorney . . . and the attorney shall provide zealous representation as provided in subdivision (e)." (§ 1471, subd. (d); Stats. 2021, ch. 417, § 6.) The role of legal counsel appointed under this statute is that of an independent advocate representing the wishes of the conservatee. (§ 1471, subd. (e).) These statutory amendments effectively mandated the appointment of independent private counsel upon the conservatee's request in specified conservatorship proceedings, limited only by the designated counsel's ability to zealously represent the conservatee's wishes without conflict.

Compensation for independent counsel appointed pursuant to section 1471 is governed by section 1472. (§ 1472.) The probate court is required to first fix a reasonable sum for compensation and expenses of counsel. (§ 1472, subd. (a)(1).) Thereafter, the probate court is required to determine the conservatee's ability to pay all or a portion of that sum. (*Ibid.*) If the conservatee is able to pay the sum, then the probate court "shall order the conservator of the estate . . . to pay . . . in any manner the

9

court determines to be reasonable and compatible with the [conservatee's] financial ability." (§ 1472, subd. (a)(2).)

We review the probate court's award of attorney fees in conservatorship proceedings for abuse of discretion. (*Conservatorship of Levitt* (2001) 93 Cal.App.4th 544, 549.) "[A] reviewing court will only interfere with a trial court's exercise of discretion where it finds that under all the evidence, viewed most favorably in support of the trial court's action, no judge could have reasonably reached the challenged result. . . . [A] trial court's exercise of discretion will not be disturbed unless the record establishes it exceeded the bounds of reason or contravened the uncontradicted evidence [citation], failed to follow proper procedure in reaching its decision [citation], or applied the wrong legal standard to the determination." (*Conservatorship of Scharles* (1991) 233 Cal.App.3d 1334, 1340.)

2. The Trial Court Abused Its Discretion

Here, the only basis upon which Garcia initially claimed an entitlement to compensation was pursuant to his status as Elizabeth's independent counsel appointed under section 1471. With respect to work performed in this capacity, the trial court has discretion to award compensation, even if the work is performed prior to Garcia's formal appointment as independent counsel.[10] (§ 1472.)

---

[10] For this reason, Craig's does not show an abuse of discretion merely because Garcia was retained after Elizabeth had already been adjudged incompetent; that the probate court authorized Garcia to keep a retainer furnished prior to an order awarding fees; or that Garcia requested compensation for work performed prior to his formal appointment as independent counsel.

10

However, as this court has explained, under section 1471, "[t]he appointment of private counsel is limited to five proceedings." (*White v. Davis* (2023) 87 Cal.App.5th 270, 291.) The civil action in which Garcia purportedly performed work is not one of the statutorily authorized proceedings.[11] Thus, even though Garcia was appointed as independent counsel pursuant to section 1471, that appointment cannot serve as a basis for claiming an entitlement to compensation for work performed on litigation unrelated to the conservatorship proceeding. Therefore, even assuming Garcia could validly represent Elizabeth in the *Simkins* Case, any entitlement to compensation for work performed in that case cannot be based upon his appointment as independent counsel under section 1471. (See *Conservatorship of Berry* (1989) 210 Cal.App.3d 706, 724 [even where public defender can validly represent conservatee in legal proceeding, public defender is not entitled to an award of fees under § 1472 where the proceeding is not listed in § 1471].) To the extent the probate court granted Garcia's request for compensation for work in the *Simkins* case based upon Garcia's status as appointed counsel pursuant to section 1471, the order constitutes an abuse of discretion for failing to appreciate the statutory limits on the scope of independent counsel's representation. (*Conservatorship*

---

[11] Specifically, a conservatee is statutorily entitled to independent counsel for "(1) A proceeding to establish or transfer a conservatorship or to appoint a proposed conservator[;] (2) A proceeding to terminate the conservatorship[;] (3) A proceeding to remove the conservator[;] (4) A proceeding for a court order affecting the legal capacity of the conservatee[;] [and] (5) A proceeding to obtain an order authorizing removal of a temporary conservatee from the temporary conservatee's place of residence." (§ 1471, subd. (a).)

*of Lee C.* (2017) 18 Cal.App.5th 1072, 1092 ["It is an abuse of discretion to misinterpret or misapply the law."].)

We acknowledge that Garcia belatedly sought to assert an alternative basis for compensation, arguing that he could be awarded fees based upon a quasi-contract theory. However, "[p]robate proceedings are purely statutory, therefore, probate courts 'may not competently proceed in a manner essentially different from that provided' by the statutory scheme." (*Conservatorship of Presha* (2018) 26 Cal.App.5th 487, 498-499; *Conservatorship of Coffey* (1986) 186 Cal.App.3d 1431, 1439; *Estate of Quinn* (1955) 43 Cal.2d 785, 787; *Estate of Wise* (1949) 34 Cal.2d 376, 381.) Thus, even where the probate court is vested with wide, express powers to make orders, it "must exercise those powers 'within the procedural framework laid out in the governing statutes' of the Probate Code." (*Babbitt v. Superior Court* (2016) 246 Cal.App.4th 1135, 1144.) As we explain, even assuming Garcia had a meritorious claim to recover compensation based upon a quasi-contract theory, the probate court could not have adjudicated that claim based upon the petition actually before the court.

The Probate Code provides that an attorney's claim for compensation is governed by section 2430[12], which generally governs the payment of all debts owed by a

---

[12] Specific statutory exceptions exist which permit an award of compensation using alternative procedures when the probate court determines compensation for an attorney under the probate court's supervision performing work in the probate proceedings. For example, section 1472 places a duty on the probate court to set the compensation due to an attorney appointed pursuant to section 1471. (§ 1472.) Similarly, an attorney representing a conservator in the probate proceedings is permitted to petition the probate court directly for an award of compensation. (§ 2642.)

conservatee. (§ 2430, subd. (a)(4)(C) [listing "reasonable expenses incurred in the collection, care, and administration of the estate" by an "attorney for the ward or conservatee" as a debt or expense].) Similarly, a claim for payment on a quasi-contract theory is considered a debt of the conservatee governed by section 2430. (*Conservatorship of Parker* (2014) 228 Cal.App.4th 803, 809.) Under section 2430, a claim for payment of a debt owed by the conservatee must be submitted to the conservator, who has the initial responsibility of evaluating the claim and determining what is due. (§ 2430, subd. (a).) In the case of a claim for attorney's fees, the conservator must petition the probate court for instructions to authorize any payment. (§ 2430, subd. (c).) Only after the conservator fails or refuses to take action on a request to pay a debt is a creditor permitted to petition the probate court directly for an order of payment. (§ 2404, subd. (a).)[13]

The process outlined in section 2430 represents more than an academic or theoretical difference in procedure. Unlike compensation awarded under section 1472, "payment of debts incurred by the conservatee *during* the conservatorship 'are not required to be made to the extent the payments would impair the ability to provide the necessaries of life to the conservatee.' " (*Conservatorship of Parker* (2014)

---

[13] Additionally, while the probate court is a court of general jurisdiction with the same power and authority as any other superior court judge presiding over civil matters (§ 800), depending on the nature of the claim made against the estate, the probate court may be required to conduct a trial in order to determine whether an alleged debt is " 'lawfully due and payable' " under section 2404. (*Stevenson v. Superior Court* (1970) 9 Cal.App.3d 904, 907 [interpreting identical provision in predecessor statute and observing that the probate code cannot abrogate a conservatee's constitutional right to a trial with respect to disputed claims made by third parties].)

228 Cal.App.4th 803, 808; § 2430, subds. (a)(3), (b).) Thus, before the probate court can determine an amount to award a claimant under section 2430, it must be adequately informed of the financial state of the conservatorship estate and the ability of the conservator to provide for the conservatee's necessities of life. Section 2430's requirement that a claimant first bring the claim to the conservator so that the conservator may petition for instructions serves an important purpose by giving the conservator sufficient notice and time to provide the probate court with all the necessary information required to determine whether and to what extent a payment should be authorized.

Nothing in the record here suggests that Garcia submitted a request for payment of the fees incurred pursuant to his work in the *Simkins* case to the conservator or that the conservator refused to take action on such a request prior to the filing of Garcia's petition.[14] Nor does the record show that any party provided the probate court with any information regarding the financial status of Elizabeth's estate or the anticipated costs of her necessities of life such that the probate court could have made an informed decision to authorize payment of Garcia's claim under the authority provided in section 2430.

---

[14] While the conservator objected to Garcia's request, she did so only on the ground that the billing appeared to "ste[m] across various actions" but "the costs to bring this narrowly tailored issue to trial far exceed the amount sought by this Petition." Thus, it may very well be that had Garcia first raised his claim with the conservator, the conservator would have had sufficient notice to review the billing, negotiate or reduce the scope of any amount in dispute, and simply petition the probate court for instructions as to those amounts in doubt. By skipping this statutorily required step and proceeding straight to the probate court, Garcia essentially placed the parties in the very position expressed by the conservator—to either acquiesce to his request or incur significant legal expenses to oppose the entirety of the request in a formal proceeding at the risk of detriment to the conservatee's estate.

Finally, the claim regarding the existence of a quasi-contract was raised only six days before the scheduled hearing in a supplemental reply brief, depriving the conservator of the notice and opportunity to respond that would otherwise be afforded under a petition by Garcia under section 2404.

Thus, even if Garcia might be entitled to compensation based upon a quasi-contract theory, the probate court could not adjudicate that claim based upon the petition filed by Garcia. The use of procedural shortcuts that circumvent the procedural protections afforded to litigants by statute constitutes an abuse of discretion. (*Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, 427 [abuse of discretion in failing to hold a hearing to consider evidence on a contested issue in the manner proscribed by the probate code].) To the extent the probate court intended to award Garcia compensation for his work on the *Simkins* case under a quasi-contract theory of recovery, we would still conclude that this decision was an abuse of discretion under the circumstances.

3. Prejudice and Remedy

Finally, we conclude that the error in this case was not harmless. Generally, even when error occurs, reversal is not warranted unless "it is reasonably probable a result more favorable to [the appellant] would have been reached absent the error." (*Conservatorship of Presha* (2018) 26 Cal.App.5th 487, 497.) In this case, the probate court authorized payment of $25,975.53 for services rendered in the *Simkins* case, an award that would not have been made had the probate court correctly applied the law. Further, even assuming Garcia could prove his entitlement to this compensation in a separate proceeding, the probate court awarded Garcia $1,237.50 purely for litigating the

15

petition. However, had Garcia followed the proper procedure for submitting a claim to the conservator, the burden to bring a petition for instructions to the probate court would have initially fallen on the conservator (§ 2430, subd. (c)), potentially reducing or eliminating these fees. On this record, we are satisfied that there is a reasonable probability that a result more favorable to Craig would have been reached absent the error.

Given the record before us, we believe that remand for a new hearing and determination is warranted. Craig had a competing request for disgorgement of the retainer fees collected by Garcia, which was rendered moot by the probate court's award of compensation to Garcia. The probate court will have to reexamine whether such relief is appropriate after reassessing the appropriate amount of compensation due to Garcia's position as independent counsel under section 1472. Additionally, the probate court may need to reassess whether the attorney's fees claimed by Garcia for litigating the petition are still appropriate to the extent Garcia may not be the prevailing party with respect to the majority of the relief requested in his petition.

## IV.  DISPOSITION

The order is reversed and the matter remanded to the trial court for further proceedings consistent with the principles set forth in this opinion.  Appellant is awarded his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

17